HAMILTON ET AL., APPELLANTS, *v.* OHIO SAVINGS BANK,
F.K.A. OHIO SAVINGS ASSOCIATION, APPELLEE.

[Cite as *Hamilton v. Ohio Savings Bank* (1994), 70 Ohio St.3d 137.]

(No. 92–2302—Submitted April 26, 1994—Decided August 31, 1994.)

138

*Robert E. Sweeney Co., L.P.A., Robert E. Sweeney, Mark Wintering, Kevin E. McDermott* and *J. William Petro; Weiss, Kwait & Associates* and *Steven M. Weiss,* for appellants.

*Arter & Hadden, Hugh M. Stanley, Jr., Irene C. Keyse–Walker* and *Beth Whitmore; Marc W. Freimuth* and *Roy E. Lachman,* for appellee.

*Kristen E. Manos,* urging reversal for *amici curiae,* United States Public Interest Research Group, Ohio Public Interest Research Group, and Consumer Federation of America.

---

MOYER, C.J. The threshold issue is whether appellants' claims are time-barred, thereby divesting the trial court of subject matter jurisdiction. Section 1640(e), Title 15, U.S.Code provides: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. * * *"

The determinative question is what is meant by "occurrence of the violation." There is a divergence of views among the federal courts regarding the application of that phrase. At least three approaches have been used to determine when the statutory period commences. The first maintains that Congress clearly intended that the statute of limitations begins to run at the execution of the contract and should be strictly enforced. *Stevens v. Rock Springs Natl. Bank* (C.A.10, 1974), 497 F.2d 307. The second view is based on the notion that nondisclosure of the actual interest rates represents a continuing violation of the contract and the limitations period should be fluid and liberally applied. See *Postow v. OBA Fed. S. & L. Assn.* (C.A.D.C.1980), 627 F.2d 1370 (adopting "continuing violation" theory in limited situations). The final theory is that offered by the Sixth Circuit in *Jones v. TransOhio Savings Assn.* (C.A.6, 1984), 747 F.2d 1037. The *Jones* court reasoned that to strictly enforce the one-year statute of limitations would run counter to the expressed purpose of the Act and its remedial nature. Therefore, the court held that under certain circumstances the statute might equitably be tolled. See, also, *King v. California* (C.A.9, 1986), 784 F.2d 910 (expressly adopting the Sixth Circuit's reasoning).

We adopt the third application of the statute because under the appropriate circumstances, tolling the statute of limitations will effectuate the purpose of Congress in adopting the Truth in Lending Act. Section 1601(a), Title 15, U.S.Code provides: " * * * It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."

The Act was designed as a consumer protection statute aimed at permitting informed choices and guarding against divergent and possibly fraudulent practices. *King, supra,* 784 F.2d at 915. Its provisions are remedial in nature and should be liberally construed. *Jones, supra,* 747 F.2d at 1040. As stated by the Sixth Circuit: " * * * Only if Congress clearly manifests its intent to limit the federal court's jurisdiction will it be precluded from addressing allegations of

fraudulent concealment which by their very nature, and if true, serve to make compliance with the limitations period imposed by Congress an impossibility." *Id.* at 1041.

Therefore, we conclude that in the case before us, the statute of limitations began to run at the time the mortgages were executed. However, the time within which appellants are required to bring an action against the bank may be tolled until they discovered or had reasonable opportunity to discover the alleged fraud or nondisclosures that formed the basis for their Truth in Lending action. This determination necessarily involves questions of fact that preclude summary judgment. On remand, the trial court should determine when the appellants could reasonably have discovered the divergent terms of the mortgage, note and disclosure forms, and whether they filed this action within one year from that date.

As to appellants' common-law claims, we are likewise persuaded that summary judgment was inappropriate. The record is contradictory as to what was disclosed to whom. On one document, the 365/360 method is disclosed; on another it is not. Summary judgment may not be granted when reasonable minds could come to differing conclusions. Civ.R. 56(C). Whether the method of interest calculation and the incomplete amortization of the loan within the stated term were disclosed is a question of fact. Whether these items amounted to misrepresentations, fraudulent conduct, or merely harmless mistakes, is also an issue best left to the finder of fact, thereby precluding summary judgment.

For the foregoing reasons, the judgment of the court of appeals is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, WOLFF and PFEIFER, JJ., concur.

WILLIAM H. WOLFF, JR., J., of the Second Appellate District, sitting for F.E. SWEENEY, J.