OPINION
Appellants Robert and Eleanor Burke are appealing the decision of the Knox County Court of Common Pleas that granted Appellee First Citizens Building Loan Savings Association dba First Bank of Marietta's ("First Bank") motion for summary judgment. The following facts give rise to this appeal.
Appellants own real estate located at 307 North Main Street in Mount Vernon, Ohio. On August 17, 1977, appellants entered into a mortgage, secured by a note, for the purchase of the above real estate. The mortgage note stipulated an interest rate of nine percent per annum, with principal and interest payable in consecutive monthly installments of not less than $505.50 payable each month. The following language is also contained in the mortgage note:
 It is further agreed that the holder hereof may hereafter decrease said interest rate and may also increase the rate upon giving not less than 30 days' written notice prior to the effective date of such increase by letter mailed to the last known address of the undersigned; and in the event said increase in interest is made, the undersigned hereby promises to pay the interest as computed under the rate so made. In the event of such increase of interest rate, this note may be paid in full within said notice period, at the interest rate herein originally stipulated.
Beginning in December of 1978, appellee initiated the first of several interest rate increases. As the interest rate continued to increase, appellants did not increase their monthly mortgage payments and the loan began to negatively amortize. Appellants claim they did not discover appellee's possible fraudulent practices and nondisclosure until they met with an attorney on October 20, 1994. Appellee claims appellants have known, since August of 1977, of the variable rate clause. Appellee also claims appellants knew, in 1981, that a class action lawsuit was pending against Citizens Loan Building Association as a result of its use of the variable rate provision.
On October 13, 1995, appellant filed this lawsuit, against Appellee First Bank, seeking declaratory judgment declaring the note to be unenforceable and requesting an order reforming the contract to provide for a fixed interest rate of nine percent per annum. Both parties filed motions for summary judgment. The trial court granted appellee's motion for summary judgment on September 2, 1997. Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR DEFENDANT ON THE ISSUE OF LACHES.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignment of error.
 I
Appellants contend, in their sole assignment of error, that the trial court erred when it granted appellee's motion for summary judgment based upon the doctrine of laches. We agree, but find a question of material fact exists regarding the applicable statute of limitations.
We will first address why the defense of laches does not apply to the case sub judice. The elements of a laches defense are: (1) unreasonable delay or lapse of time in asserting a right; (2) absence of an excuse for such delay; (3) knowledge, actual or constructive, of the injury or wrong; and (4) prejudice to the other party. State ex rel. Cater v. N. Olmstead (1994), 69 Ohio St.3d 315,325. A successful laches defense requires the person for whose benefit the doctrine will operate to show that he or she has been materially prejudiced by the delay of the person asserting the claim. Id., citing State ex rel. Madden v. WindhamExempted Village School Dist. Bd. of Edn. (1989), 42 Ohio St.3d 86,90.
"Delay itself does not give rise to the defense of laches, and in order to invoke the doctrine it must be shown that the person claiming the defense has been materially prejudiced by the delay of the person asserting the claim." Wise v. Wise (1993),86 Ohio App.3d 702, 705, citing Connin v. Bailey (1984), 15 Ohio St.3d 34,35-36; Smith v. Smith (1957), 107 Ohio App. 440,443-444. Our review of the record indicates that appellee failed to produce evidence of material prejudice resulting from the lawsuit filed by appellants in October of 1995. As such, appellee cannot invoke the defense of laches and the trial court erred when it granted appellee summary judgment based upon the defense of laches.
However, appellee also sought summary judgment on the issue of statute of limitations. In the case of Hamilton v. OhioSavings Bank (1994), 70 Ohio St.3d 137, the Ohio Supreme Court adopted the theory of when the statute of limitations begins to run set forth by the Sixth Circuit Court of Appeals in the case ofJones v. TransOhio Savings Assn. (C.A.6, 1984), 747 F.2d 1037. Under this view, "* * * to strictly enforce the one-year statute of limitations would run counter to the expressed purpose of the Act and its remedial nature. Therefore, the court held that under certain circumstances the statute might equitably be tolled."Hamilton at 139.
The purpose behind the Truth in Lending Act is contained in Section 1601(a), Title 15, U.S. Code. This section provides: "* * * It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." Id. "Its provisions are remedial in nature and should be liberally construed." Id., citing Jones at 1040.
In the Hamilton case, the Ohio Supreme Court found the statute of limitations began to run at the time the mortgages were executed. Hamilton at 140. However, the Court determined that the time within which appellants were required to bring an action against the bank may be tolled until they discovered or had reasonable opportunity to discover the alleged fraud or nondisclosures that formed the basis for their Truth in Lending action. Id. The Court held that such a determination necessarily involves questions of fact that preclude summary judgment. Id.
Therefore, we find, pursuant to Hamilton, a question of material fact exists concerning whether appellants filed this action within the applicable statute of limitations. Appellants' assignment of error is sustained based upon the issue of the statute of limitations.
For the foregoing reasons, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.