**HADDAD et al., Appellants,**

**v.**

**ENGLISH, Appellee.**

[Cite as *Haddad v. English* (2001), 145 Ohio App.3d 598.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 3134–M.

Decided Aug. 29, 2001.

600

*Timothy A. Shimko* and *Carter Dodge,* for appellant.

*Brent L. English, pro se,* for appellee.

BAIRD, Presiding Judge.

Appellants, Edwin A. and Marcia Haddad ("Haddads"), appeal the decision of the Medina Court of Common Pleas granting default judgment and awarding attorney fees to appellee, Brent English ("English"). We affirm.

I

On January 21, 1998, the Haddads filed a complaint against English, alleging malpractice with respect to English's representation of the Haddads in a previous case. English answered and raised a counterclaim against the Haddads for unpaid legal fees. On April 27, 2000, the trial court granted partial summary judgment to English on the malpractice claim. On May 30, 2000, Edwin Haddad appealed the judgment entry granting partial summary judgment.[1]

On June 26, 2000, the trial court granted English a default judgment against the Haddads on his counterclaim for unpaid legal fees. After a hearing before

---

1. The appeal of the malpractice claim, App. No. 3077–M, was voluntarily dismissed on August 18, 2000.

the magistrate, the trial court ordered a judgment in the amount $254,039.95 plus interest at the rate of ten percent per annum from March 30, 1998.

This appeal followed.

## II

Assignment of Error No. 1:

"The trial court erred to the prejudice of appellants by entering a default judgment at a time when the trial court lacked jurisdiction to do so."

In their first assignment of error, the Haddads argue that the trial court lacked jurisdiction to enter a default judgment on English's counterclaim while an appeal was pending on their malpractice claim. The Haddads' argue that their malpractice claim was a possible defense to English's counterclaim for attorney fees. See *Monastra v. D'Amore* (1996), 111 Ohio App.3d 296, 306, 676 N.E.2d 132. The Haddads assert that English's counterclaim was not collateral to their legal malpractice claim, and that the trial court was divested of its jurisdiction over English's counterclaim on May 30, 2000, when the notice of appeal regarding the malpractice claim was filed. We construe the Haddads' argument as one based on a recoupment defense.

We begin by noting that recoupment is an affirmative defense. Recoupment "is a claim of right to reduce the amount demanded and can be had only to an extent sufficient to satisfy the plaintiff's claim." *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 77, 11 OBR 319, 463 N.E.2d 1246. As an affirmative defense, recoupment would not have to be asserted as a counterclaim. However, under the Rules of Civil Procedure, it would have to be asserted in the answer or amended answer; otherwise, it would be waived and could not be raised at trial. Civ.R. 8(C); see, *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 5, 12 OBR 1, 465 N.E.2d 377; *Houser v. Ohio Historical Society* (1980), 62 Ohio St.2d 77, 79–80, 16 O.O.3d 67, 403 N.E.2d 965.

In the present case, the Haddads did not assert recoupment in their answer to English's counterclaim. The record reflects that the Haddads did not file any amended answers to the counterclaim. On appeal, the Haddads assert that their initial pleading satisfied the Civ.R. 8(C) requirement to plead an affirmative defense. We are not inclined to adopt the Haddads' interpretation of the Rules of Civil Procedure. The Haddads failed to plead the affirmative defense of recoupment and therefore waived the right to raise it to the trial court. "[C]laims not raised in the trial court may not be raised on appeal." *Hopson v. Ohio Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 196, 200, 623 N.E.2d 667. The Haddads' failure to properly plead the affirmative defense prevents them from raising recoupment as a possible defense to English's counterclaim for

attorney fees. Without this recoupment defense, English's counterclaim remains a collateral issue to the Haddads' malpractice claim. Therefore, the trial court retained jurisdiction over English's pending counterclaim after the Haddads filed their notice of appeal on the malpractice claim.

Accordingly, the Haddads' first assignment of error is overruled.

## III

Assignment of Error No. 2:

"The trial court abused its discretion by ordering appellants to appear for depositions on four days' notice while at the same time granting their attorney leave to withdraw as counsel."

Assignment of Error No. 3:

"The trial court erred to the prejudice of appellants by entering a default. judgment against them without first complying with the notice and hearing requirements of Rule 55 of the Ohio Rules of Civil Procedure."

Assignment of Error No. 5:

"The trial court erred to the prejudice of appellants by entering a default judgment against them in a manner which was not authorized by the Rules of Civil Procedure."

The Haddads' second, third, and fifth assignments of error are related and will be discussed together. In these assignments of error, the Haddads argue that the trial court erred in granting default judgment. The Haddads also assert that they were without notice of the default judgment.

It is well established that a trial court has broad discretion to impose sanctions against a party violating the discovery rules, and an appellate court will not reverse the trial court's determination on this issue absent an abuse of discretion. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. The term "abuse of discretion" connotes more than an error of law or of judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. However, the granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy that should be imposed only when "the actions of the faulting party create a presumption of willfulness or bad faith." *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 179, 521 N.E.2d 1116. Additionally, the granting of a default judgment requires the due process guarantee of prior notice. See *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 488 N.E.2d 881, holding "that the notice requirement of Civ. R. 41(B)(1) applies to *all* dismissals with prejudice,

including those entered pursuant to Civ. R. 37(B)(2)(c) for failure to comply with discovery orders."

Civ.R. 37(B)(2) provides:

"If any party * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"* * *

"(c) An order * * * rendering a judgment by default against the disobedient party[.]"

In the present case, English filed several motions regarding discovery issues including (1) a March 27, 2000 motion to compel discovery and for sanctions for the Haddads' failure to appear at a scheduled deposition; (2) a March 30, 2000 motion to compel discovery and for sanctions against Mrs. Haddad, for her failure to respond to interrogatories and a production of documents; (3) a March 30, 2000 motion to compel discovery and for sanctions against Mr. Haddad, for his failure to respond to interrogatories and a production of documents; and (4) an April 4, 2000 motion to prevent the Haddads from presenting expert testimony, for their failure to provide an expert report. The trial court granted all of English's motions.

On April 27, 2000, the trial court ordered the Haddads to "appear at the offices of [English] on, or before May 1, 2000 at a date and time selected by [English] for their depositions." The April 27, 2000 order also stated that if the Haddads failed to appear "the Court shall enter default judgment against them on [English's] counterclaims." English set the deposition for May 12, 2000. The Haddads failed to appear for the depositions. A thorough review of the record in this case reveals a total disregard by the Haddads of the trial court's April 27, 2000 order.

Given the harsh remedy imposed by the trial court, we must determine whether the Haddads were on notice that the trial court might enter judgment in favor of English for the Haddads' abuse of the discovery process. Pursuant to Civ.R. 37(B)(2)(c) a trial court may impose the sanction of dismissal when a party refuses to comply with a court's order and "counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 49, 684 N.E.2d 319.

Consistent with the holding in *Quonset Hut,* the Haddads, represented by the same counsel, were given an opportunity to heed the trial court's discovery order. The Haddads, although aware that the granting of a default judgment by the trial court was a possibility, did nothing. The Haddads made a decision to ignore the trial court's order and not attend the scheduled depositions.

Under the circumstances of this case, the trial court did not abuse its discretion in granting English's motion to compel and ordering the Haddads to appear for their depositions. Furthermore, the trial court did not abuse its discretion in granting English a default judgment against the Haddads. The Haddads had notice of the possible discovery violation sanction and failed to abide by the trial court's order regarding their depositions. Accordingly, the Haddads' second, third, and fifth assignments of error are overruled.

## IV

Assignment of Error No. 4:

"The trial court deprived appellants of due process of law by conducting a hearing with regard to the amount of damages allegedly suffered by appellee in [the] absence of notice to appellants."

In their fourth assignment of error, the Haddads argue that they did not have notice of the hearing. We disagree.

It is axiomatic that "[a] court of record speaks only through its journal[.]" *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus. In the present case, notice to the Haddads of the original date of the hearing does not appear on the docket. However, on May 26, 2000, English moved the trial court for a continuance of the June 6, 2000 hearing. The trial court granted English's motion and continued the hearing until June 22, 2000. The record reflects that a copy of the continuance was sent to both parties.

We find that there is reliable evidence contained in the record to indicate notice by the court that the hearing date was sent to the Haddads. The Haddads' third assignment of error is overruled.

## V

Assignment of Error No. 6:

"The trial court erred to the prejudice of appellants by failing to comply with the provisions of Rule 53 of the Ohio Rules of Civil Procedure."

In their sixth assignment of error, the Haddads argue that the trial court did not comply with Civ.R. 53 because the record does not include an order of reference or a decision by the magistrate.

It is within the trial court's discretion to decide whether an evidentiary hearing on damages following a default judgment is warranted. *Buckeye Supply Co. v. Northeast Drilling Co.* (1985), 24 Ohio App.3d 134, 136, 24 OBR 206, 493 N.E.2d 964. Moreover, while such a determination concerning damages is necessary in a negligence case, no proof of damages is required to support a liquidated damages claim. *Id.* In the instant case, English's damages were liquidated and ascertainable without an evidentiary hearing. Because it was not necessary to conduct an evidentiary hearing on the issue of liquidated damages, any alleged errors in the procedure of Civ. R. 53 are harmless.

The trial court awarded English $254,039.95 in damages for his claim of unpaid legal fees, $250,000 of which was readily ascertainable from the complaint. $250,000 is the amount prayed for in the counterclaim, and the record reflects that the additional $4,039.95 was not supported by an itemization or by reference to any specific documents. English's damages are hereby modified from $254,039.95 to $250,000. App.R. 12(A)(1)(a) and (B).

The Haddads' sixth assignment of error is overruled.

## VI

Having overruled the Haddads' six assignments of error, we affirm the judgment of the trial court as modified.

*Judgment accordingly.*

WHITMORE, J., concurs.

CARR, J., concurs in judgment only.