JOURNAL ENTRY AND OPINION
This matter concerns a contract between the parties for construction of a home. Plaintiff-appellant/cross-appellee Paul Cosic, d.b.a. All Brick Homes, Inc. (Cosic) appeals from the trial court's decision which rendered judgment in favor of defendants-appellees/cross-appellants Dr. Kuldeep Singh, et al. (Singh) on certain of their counterclaims and against Cosic on his claims. Singh cross-appeals from the trial court's judgment that denied their claim for future interest and in finding that certain addenda extended the time for completing the construction of the home. Cosic argues that the trial court erred in adopting the magistrate's decision and that Cosic was denied his constitutional right of redress. For the reasons that follow, we affirm.
In this case, the parties filed numerous claims and counterclaims. Trial was conducted before a magistrate who issued a decision. Although both parties filed certain objections to that decision with the trial court, neither party filed the transcript with the court. The trial court overruled the objections and adopted the magistrate's decision that rendered judgment against Cosic on his claims for breach of contract, mechanic's lien, assault and battery, rendered judgment in favor of the Singhs on their counterclaims for breach of contract, release of the mechanic's lien, conversion, and on the personal guarantee, and denied Singhs' counterclaims for negligence, slander of title, violation of the consumer sales practices act, tortious interference with business relationships, and fraud. One preliminary matter that we must determine is whether we can review the transcript presented to us on appeal in addressing the assignments and cross-assignments of error. As previously stated, there is no indication that any party filed this transcript, or any portion thereof, with the trial court. As a result, it is well-settled that:
 When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. [Citations omitted]. In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion. [Citation omitted]. State ex rel. Duncan v. Chippewa Twn. Trustees (1995), Ohio St.3d 728, 730; see, also, Brown v. Brown (Sept. 20, 2001), Cuyahoga App. No. 78551 (confining review of magistrate's decision to an abuse of discretion standard). Based upon this precedent, we can only review the magistrate's decision, as adopted by the trial court, under an abuse of discretion standard.
Secondly, Singhs argue that our review is further limited to addressing only those assignments of error that relate to issues raised in the trial court. They rely upon the authority of Haddad v. English (2001),145 Ohio App.3d 598 to support the proposition that claims not raised in the trial court may not be raised on appeal. In response, Cosic relies upon Miller v. Miller (Aug. 17, 2000), Cuyahoga App. No. 75622 in asserting that an error may be raised for the first time on appeal under the plain error doctrine.
Having reviewed the applicable law, we find that Cosic is limited to raising only those errors which he preserved through the objections to the magistrate's decision. Rule 53(E)(3)(b) of the Ohio Rules of Civil Procedure provides, in pertinent part, that:
 [a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
The appellate court may review an error not objected to in the lower court under a plain error standard. See Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121 and Miller, supra. However, [i]n applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings. Goldfuss, 79 Ohio St.3d at 121.
Plain error exists when but for the error the outcome of the trial would have been different. State v. Moreland (1990), 50 Ohio St.3d 58,62, 552 N.E.2d 894. We do not find plain error in any of the assignments of error that were not preserved in Cosic's objections to[1] the magistrate's decision. This is especially true since we cannot consider the transcript.
Cosic raised the following objections to the magistrate's decision in the trial court: (1) the damages awarded to the Singhs for the security system, the vacuum system, the closets, the wiring, and the replacement of the bath; (2) damages/credits not awarded to Cosic for funds he disbursed from the construction loan for the plumbing fixtures, the extras afforded for the kitchen appliances, and for the upgrade to granite; (3) the magistrate's denial of Cosic's claim for assault and battery; and (4) the failure to award Cosic damages for supervision of work not covered. (R. 95).
Cosic asserts twelve assignments of error and Signh assigns two errors for our review.
In this appeal, the following assignments of error were not preserved by Cosic's objections to the magistrate's decision: Assignments of Error B[2], D, F, H, I, K and L. Accordingly, we are left to review the following assignments of error under an abuse of discretion standard:
 A. The trial court erred in calculating the damages by failing to consider the allowances in the contract for each item for which damages were presented.
 B. The trial court erred in granting damages for a vacuum system, retaining wall, and window seats as the vacuum system, retaining wall and window seats were not in the contract.
 C. The trial court erred in granting damages for concrete in the bathtub as the concrete was left by the granite contractor who was not associated with Cosic and All Brick Homes.
 E. The trial court erred in failing to adjust the defendants' damages by the amounts paid for extras from the construction loan proceeds.
 G. The trial court erred as its finding that no contact was made by the defendant was against the manifest weight of the evidence.
Abuse of Discretion Standard
The term abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112; Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295; Blakemore v. Blakemore (1983) 5 Ohio St.3d 217, 219.
When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161; Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
In this case, we find that the trial court's application of the law to its factual findings did not amount to an abuse of discretion.
Assignment of Error A
Cosic argues that the trial court erred in awarding damages to the Singhs for the closets and the security system. The magistrate's decision, as adopted by the court, includes the following findings: the Singhs paid the full contract price * * *, plus additional sums to complete the work which was contemplated by the contract * * * to the extent that the choices of the Singhs exceeded allowances under the contract, said sums have been fully paid by the Singhs. (R. 97, Vol. 645 Pg. 165). Thereafter, the court found that the Singhs have spent or will be required to spend in the future the following sums to repair or complete the work contemplated by the contract:
* * *
$2,681.38 — paid to complete the security system * * *
$2,000.00 — to complete the closets.
Based on the foregoing, the trial court did not abuse its discretion in applying the law to its factual findings in awarding these damages. This assignment of error is overruled.
 ASSIGNMENT OF ERROR B
The same factual findings apply to the court's award of $1,362.50 to the Singhs to complete the in-home vacuum system as raised in Cosic's objections and under Assignment of Error B in this appeal. For the same reasons set forth above, the trial court did not abuse its discretion in applying the law to its factual findings concerning the damages awarded for the vacuum system. This assignment of error is overruled.
Assignment of Error C
Cosic challenges the trial court's decision to award the Singhs $1,800.00 to replace the bathtub ruined by concrete. Cosic bases this challenge upon evidence from the transcript that allegedly would establish that one of the subcontractors hired by the Singhs caused the defect. As set forth previously, we cannot consider the transcript since there is no evidence of it being filed with the trial court as required by law. Ibid.
The court found that the plaintiff breached the contract by failing to perform and that the Singhs have spent or will be required to spend in the future this sum to replace the bathtub. Accordingly, these findings support this award and do not merit reversal under the abuse of discretion standard. This assignment of error is overruled.
Assignment of Error E
Cosic alleges that the trial court erred in failing to award him amounts that he allegedly paid to third parties out of the construction loan. Again, we are confined to reviewing the facts as found by the court and applied to the law. Since the court found that the full payment has been made by the Singhs under the contract and that no amount remains due the contractor, we cannot conclude that the trial court abused its discretion in denying credits to Cosic for the plumbing, kitchen appliances, and granite installation. This assignment of error is overruled.
Assignment of Error G
While this assignment merely contests the court's finding that no contact was made, we will infer that Cosic implicitly contends that the court erred in denying his claim for battery. The court found that no contact was made during the argument. (R. 97, Vol. 645, Pg. 165). The court applied this finding to the law as follows: `a person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results.' Love v. City of Port Clinton, et al., 37 Ohio St.3d 98, at 99 (1998). (R. 97 Vol. 645, Pg. 165). Again, since we cannot consider the transcript, we cannot conclude that the trial court erred under the abuse of discretion standard by finding that no contact was made and denying Cosic's claim for battery. This assignment of error is overruled.
 ASSIGNMENT OF ERROR J
J. The appellant was denied his right to redress in the courts as guaranteed by Ohio Constitution Article I, § 16. Cosic contends that his trial counsel's involvement in an automobile accident after trial and before the court rendered a decision denied him of his right to redress because, he argues, that this accident prevented his counsel from providing adequate representation in objecting to the magistrate's decision. Cosic asserts that we may address this constitutional issue relying upon the authority of Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80, which held that a constitutional issue may be raised for the first time on appeal. We find Atkinson distinguishable from this case.
Atkinson addressed the issue of due process when a party did not receive notice of a final appealable order. Unlike the circumstances in Atkinson, the resolution of the constitutional issue asserted here turns upon facts related to counsel's performance uninfluenced and wholly independent of court procedural matters. Thus, in resolving the constitutional issue raised by Cosic would require consideration of evidence outside of the record. This we cannot do. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus ([a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.)
We further recognize that the constitutional issue raised here also forms the basis of a motion for relief from judgment that Cosic reportedly filed with the trial court during the pendency of this appeal pursuant to Civ.R. 60(B). That motion is not the subject of this appeal. Accordingly, this assignment of error is not properly before this Court at this time and is therefore overruled.
Singh Cross-Appeal
The Singhs asserted two assignments of error in their cross-appeal. However, during oral argument they waived these issues should Cosic's assigned errors be overruled. We note that this is consistent with the position taken by the Singhs in their objections to the magistrate's decision. Based upon the disposition of Cosic's assigned errors, we do not reach the issues of the cross-appeal.
Judgment affirmed.
It is ordered that appellees/cross-appellants recover of appellant/cross-appellee their costs herein taxed. The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] This excludes consideration of the constitutional issue raised in Assignment of Error J which we address separately in this opinion.
[2] With the exception of the vacuum system.