OPINION
Plaintiffs-appellants, John J. Ignash ("Ignash") and his wife, Ludie R. Ignash (collectively referred to as "appellants"), appeal from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, First Service Federal Credit Union ("appellee"), on all claims asserted in appellants' amended complaint. The trial court also granted summary judgment in favor of appellee on its counterclaim for foreclosure.
On October 31, 1984, appellee loaned appellants $55,000 secured by a mortgage on appellants' house (hereinafter referred to as "the 1984 loan"). Under the terms of the loan, repayment was to occur over five years with a balloon payment due at the end of the five-year term. Appellants used the loan proceeds to consolidate and pay off other outstanding loans appellants had with appellee, as well as certain other obligations. The closing statement listed 13 accounts with appellee to which loan proceeds were applied, as well as six other entities that received loan proceeds.
At the closing, appellants signed a document titled "Consumer Credit Disclosure Statement and Agreement." This document reflected that the annual percentage rate for the 1984 loan was 14 percent, the amount financed was $55,000, the finance charge was $179,604.80, the total payments were $234,604.80, and the disbursed proceeds at closing were $16,207.04. The document further indicated that appellants would make 60 monthly payments of $651.68. Appellee concedes that the amounts reflected on the document as total payments and total finance charge were inaccurate because they were calculated based upon a 30-year payment schedule not the actual five-year schedule with a balloon at the end. Therefore, the total payment and total finance charge for this loan were, in actuality, substantially less than indicated in this document.
In 1986, Ignash filed a petition for bankruptcy. Subsequently, on August 11, 1989, Ignash signed a "Reaffirmation Agreement" with appellee (hereinafter referred to as "the 1989 Reaffirmation"). That document, filed with the bankruptcy court, indicated that Ignash agreed to make 60 monthly payments towards repayment of the 1984 loan. Upon completion of those payments, the remaining loan balance would roll over at the then current interest rate. Apparently, appellants made the 60 monthly payments required under the 1989 Reaffirmation and, on October 5, 1994, the parties entered into a loan extension and modification that extended the remaining balance due under the 1984 loan another five years.
In July 1999, upon nearing completion of the payments due under the five-year extension, appellants learned that there would be an outstanding loan balance even after they made their last monthly payment. Appellants allege this was the first time they discovered the amount refinanced by the 1984 loan included four loans made to their sons. However, it is undisputed that appellants co-signed for these loans. A few months later, on October 5, 1999, appellants initiated the present lawsuit, alleging one count of unjust enrichment and two counts of violations of the Truth in Lending Act, Section 1601, Title 15, U.S. Code, et seq. ("TILA"). The alleged TILA violations related to inadequate or inaccurate disclosures in the 1984 loan documents and the 1989 Reaffirmation.
In response, appellee filed a counterclaim seeking the foreclosure of appellants' mortgage based on their failure to pay off the balance of the 1984 loan. Thereafter, appellants amended their complaint to add two declaratory judgment counts relating to the 1989 Reaffirmation and a breach of contract claim. Appellants then sought summary judgment only on their TILA and unjust enrichment claims.
In response, appellee filed a cross-motion for summary judgment arguing that appellants' TILA and unjust enrichment claims were barred by the statute of limitations. Appellee also sought summary judgment on its own claim for foreclosure. The trial court granted appellee's motion for summary judgment concluding that appellants' claims were barred by the statute of limitations. The trial court also granted summary judgment in favor of appellee on its claim for foreclosure. The Decree of Foreclosure filed after the court's decision dismissed appellants' complaint in its entirety. Although appellants' amended complaint includes claims for declaratory judgment and breach of contract, these claims were not addressed by appellee's motion for summary judgment. Likewise, even though the trial court granted summary judgment for appellee on all of appellants' claims, the trial court's decision does not address appellants' declaratory judgment or breach of contract claims.
Appellants appeal, assigning the following error:
"The trial court eschewed the clear intent of Civil Rule 56(C) by granting summary judgment to defendant upon all issues."
An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
Appellants first contend that the trial court erred in not tolling the statute of limitations for their TILA claims. The statute of limitations for TILA claims is one year from the occurrence of the violation. Section 1640(e), Title 15, U.S.Code. Appellants' TILA claims all occurred more than one year before their complaint was filed in 1999. However, the TILA statute of limitations is subject to equitable tolling in certain circumstances. Jones v. Transohio Sav. Assn. (C.A.6, 1984),747 F.2d 1037, 1043; see, also, Ellis v. General Motors Acceptance Corp. (C.A.11, 1998), 160 F.3d 703, 706; Ramadan v. Chase Manhattan Corp. (C.A.3, 1998), 156 F.3d 499, 505; King v. California (C.A.9, 1986),784 F.2d 910, 914-915.
One such circumstance under which the statute can be tolled is when a defendant creditor has fraudulently concealed the TILA violations. If proven, the doctrine of fraudulent concealment tolls the running of the limitations period until the borrower discovers, or had reasonable opportunity to discover, the complained of TILA violation. Id.; see, also, Hamilton v. Ohio Savings Bank (1994), 70 Ohio St.3d 137. However, to invoke the doctrine of fraudulent concealment as a ground for equitable tolling, appellants must show: (1) that appellee engaged in a course of conduct to conceal evidence of the alleged wrongdoing; and (2) that appellants failed to discover the facts giving rise to the claim despite the exercise of due diligence. Evans v. Rudy Luther Toyota, Inc. (D.Minn. 1999), 39 F. Supp.2d 1177, 1184; Hughes v. Cardinal Fed. Sav. Loan Assn. (S.D.Ohio 1983), 556 F. Supp. 834, 838.
Appellants' amended complaint alleged TILA violations arising from the 1984 loan and the 1989 Reaffirmation. The trial court found all of these claims barred by the statute of limitations. However, appellants do not argue in this appeal that the trial court erred in entering summary judgment for appellee on claims based upon the 1989 Reaffirmation. Therefore, pursuant to App.R. 12(A)(2), we need not address those claims, although we note that the TILA arguably does not apply to such reaffirmation agreements. In re Bassett (C.A.9, 2000), 255 B.R. 747,759.
Appellants' amended complaint alleges that appellee violated the TILA in connection with the 1984 loan by failing to: (1) disclose the correct amount financed; (2) disclose the correct finance charge; (3) disclose the correct total of payments; (4) disclose the correct schedule of payments; (5) make a conspicuous disclosure of the annual percentage rate as well as the finance charge; and (6) use appropriate forms for the TILA disclosures. Appellants also allege that appellee improperly and without their knowledge included four loans to their sons (which appellants had co-signed) in the amount refinanced by the 1984 loan. Appellants claim they did not discover these violations until July 1999, when they inquired about the status of their loan. Alternatively, they claim that questions of fact exist as to when they reasonably should have discovered these violations.
The trial court found all of appellants' TILA claims barred by the statute of limitations because all the claims were known or reasonably discoverable at the time of the 1984 loan. We agree. All of the account numbers involved in the 1984 loan refinancing were listed on the face of the closing statement Ignash signed at that time. Therefore, he knew, or had reasonable opportunity to discover, the accounts involved in this refinancing and how the loan proceeds were being disbursed. Although appellants also contend that they did not receive the $16,207.04 listed as distributed proceeds in the closing statement, the closing statement clearly indicates that $16,207.04 was disbursed to identified accounts and entities. All of the other 1984 loan disclosures, such as the annual percentage rate and the schedule of payments, were apparent on the face of the closing documents. Therefore, any inaccuracies or deficiencies in those disclosures were readily discoverable. Appellants, with the use of even the slightest due diligence, easily could have discovered all of the claimed TILA violations at the time of the 1984 loan.
Appellee admits that errors were made in the calculation of the total finance charge and total payments in the 1984 loan disclosures. Appellants presented no evidence that appellee attempted to conceal these mistakes. In fact, these mistakes were obvious inasmuch as they reflected a 30-year calculation (monthly payments for 30 years). Yet under the terms of the loan, appellants were to make these payments for only five years. It should also be noted that these inaccuracies did not result in appellants making more or larger monthly payments than required under the five-year loan. Appellants failed to demonstrate sufficient grounds for the equitable tolling of the statute of limitations on these facts. Hughes, supra, at 838 (placing burden on plaintiffs to prove grounds for equitable tolling of statute of limitations). Therefore, the trial court did not err in declining to toll the statute of limitations and granting summary judgment in favor of appellee on all of appellants' TILA claims based on the expiration of the one-year statute of limitations.
Appellants next contend that the trial court erred in granting appellee summary judgment on appellants' unjust enrichment claim. An action for unjust enrichment arises when a party retains money or benefits which, in justice and equity, belongs to another. Liberty Mut. Ins. Co. v. Indus. Comm. (1988), 40 Ohio St.3d 109. Appellants allege that appellee improperly consolidated loans made to appellants' sons with other debt owed by appellants in the 1984 loan without appellants' knowledge or consent. Appellants contend that this consolidation unjustly enriched appellee. We disagree for a number of reasons.
First, appellants do not dispute that they co-signed for the loans to their sons. Therefore, they were obligated to repay the loans in the manner specified. When these loans were consolidated with the 1984 loan, and therefore paid off, appellee did not receive money to which it was not entitled. Therefore, appellee was not unjustly enriched.
Second, the consolidation of those loans with the 1984 loan was reflected on the face of the loan documents. These loans were specifically identified by their account number. If appellants did not intend to consolidate these loans, they should have said so at the time the 1984 loan closed. Nothing was hidden or misrepresented with respect to these loans.
Lastly, even if appellee had been unjustly enriched by consolidating the loans made to appellants' sons with the 1984 loan, such a claim is subject to a six-year statute of limitations. R.C. 2305.07. Drozeck v. Lawyers Title Ins. Corp. (2000), 140 Ohio App.3d 816, 823, citing Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 182. A claim for unjust enrichment accrues on the date which the money is wrongly retained. Palm Beach Co. v. Dun Bradstreet, Inc. (1995),106 Ohio App.3d 167, 175. Therefore, even if appellants had an unjust enrichment claim, the claim accrued at the time of the 1984 loan. Appellants' unjust enrichment claim was not filed until 1999 15 years after the closing of the 1984 loan. Therefore, even if appellants had an unjust enrichment claim, such a claim would be barred by the applicable statute of limitations. Furthermore, the statute of limitations for an unjust enrichment claim is not subject to equitable tolling or a discovery rule. Id.; Binasck v. Hipp (1998), Huron App. No. H-97-029; Drozeck, supra, at 825 (on reconsideration). Consequently, the trial court did not err in dismissing appellants' unjust enrichment claim.
The trial court's grant of summary judgment in appellee's favor on appellants' breach of contract claim is problematic. As previously noted, this claim seems to have been lost in the shuffle inasmuch as it was not addressed in appellee's motion for summary judgment, nor was it specifically addressed in the trial court's decision. Nevertheless, the trial court granted appellee summary judgment on all of appellants' claims and dismissed appellants' complaint in its Decree of Foreclosure.
Count six of appellants' amended complaint alleges that appellee breached the 1989 Reaffirmation agreement by failing to give appellants the lowest available rate offered to appellee's customers when the loan was rolled over on October 5, 1994. Therefore, this contract claim would have accrued as of that date. Appellants sought as damages the difference between the interest rate appellee charged appellants and the interest rate appellee charged other customers who were refinancing mortgages on October 5, 1994.
Appellants point out that the statute of limitations for a claim based upon the alleged breach of a written contract is 15 years. R.C. 2305.06. Therefore, the statute of limitations on appellants' breach of contract claim could not have run when appellants filed their complaint on October 5, 1999.
Appellee contends that appellants waived their breach of contract claim by not including that claim in appellants' motion for summary judgment, and that, therefore, summary judgment was properly granted in its favor. We disagree. Nothing required appellants to seek summary judgment on this claim. Appellants failure to move for summary judgment on this claim does not constitute a waiver of the claim. Moreover, appellee did not address appellants' breach of contract claim in its motion for summary judgment. Nor did the trial court discuss this claim in its decision granting appellee summary judgment. The record reflects no reason why summary judgment should have been granted on this claim. Because the requirements of Civ.R. 56 were not satisfied, the trial court erred in granting appellee summary judgment on appellants' breach of contract claim.
Appellants' amended complaint also asserts two counts for declaratory judgment. (Counts three and five.) Both of these counts purport to allege a justiciable case in controversy between the parties with respect to the 1989 Reaffirmation agreement. These claims appear to be related to appellants' breach of contract claim. Again, the trial court's summary judgment is silent with respect to these claims. The record before us fails to reflect any reason why summary judgment should have been granted with respect to the declaratory judgment claims. For the same reasons cited in connection with appellants' breach of contract claim, the trial court erred in granting appellee summary judgment on the declaratory judgment counts.
Appellants also contend that the trial court erred in granting appellee summary judgment on its claim for foreclosure when appellants could assert recoupment as a defense to that claim. Recoupment is a claim or right to reduce the amount demanded and can be had only to an extent sufficient to satisfy the plaintiff's claim. Haddad v. English (2001),145 Ohio App.3d 598, 602, quoting Riley v. Montgomery (1984),11 Ohio St.3d 75, 77. However, recoupment is an affirmative defense that must be asserted in an answer or be waived. Id.; Civ.R. 8(C). In their answer, appellants did not assert recoupment as a defense to appellee's counterclaim for foreclosure. Appellants' general assertion in their answer of all TILA defenses and protections is insufficient to constitute an assertion of this affirmative defense. Cf. Riley, supra, at 79. Accordingly, appellants have waived the defense. See Haddad, supra; Farm Credit Services of Mid-America v. Runyan (1999), Champaign App. No. 98CA28; Southern Floridabanc Sav. Assoc. v. Professional Investments of America (1988), Cuyahoga App. No. 54683. Therefore, the trial court did not err in granting summary judgment in favor of appellee on its counterclaim for foreclosure.
In conclusion, we affirm the portion of the trial court's judgment which dismisses counts one (unjust enrichment), two (truth in lending) and four (truth in lending) of the amended complaint, and grants judgment for appellee on its counterclaim in foreclosure. We reverse the portion of the trial court's judgment which dismisses counts three (declaratory judgment), five (declaratory judgment), and six (breach of contract) of the amended complaint, and this cause is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part; and cause remanded.
DESHLER and LAZARUS, JJ., concur.