OPINION
{¶ 1} Defendants, CTI Communications, Inc., CTI Audio, Inc., TLH Properties, Ltd., Tristan International Inc., William Ross and Michael Monastra, appeal from a default judgment entered by the trial court in favor of Plaintiff, Associated Business Investment Corp. (ABI). The default judgment was granted as a sanction for the Defendants' failure to produce documents they had been ordered to produce in discovery. For the reasons stated below, we affirm the trial court's order.
 {¶ 2} On September 30, 1999, ABI filed a complaint alleging breach of contract and fraud by the Defendants. The breach of claims arose from a contract between Plaintiff ABI and Defendant CTI Communications. The other Defendants are either the proprietors of CTI Communications or other corporations with which those principals were affiliated.
 {¶ 3} Attached to the summons and complaint served on the Defendants were interrogatories and requests to produce documents. The interrogatories were directed to Defendant Ross. The document production requests were directed to all six Defendants.
 {¶ 4} The Defendants timely answered the complaint, but they neither provided the requested discovery nor asked for an extension to do so. Finally, on December 13, 2000, after exhausting all informal means of resolving the discovery dispute, ABI moved to compel discovery.
 {¶ 5} On February 14, 2001, the trial court granted ABI's motion to compel, awarded attorney's fees to ABI, and ordered the Defendants to produce documents in response to all but one of ABI's document requests within thirty days. The Defendants thereafter failed to comply.
 {¶ 6} On June 8, 2001, the trial court again ordered the Defendants to deliver one box of documents to ABI in Dayton within thirty days, and ordered the Defendants to make all remaining documents available for ABI to examine and copy in Cuyahoga County. The trial court instructed ABI to send a list of documents it wanted to the Defendants. The order informed the Defendants that "[f]ailure to comply in good faith with any provision of this Order may result in the award of further sanctions as provided for in Civil Rule 37(B)."
 {¶ 7} On July 3, 2001, ABI sent the Defendants a letter listing the documents they were to include in the box the Defendants were ordered to produce in Dayton. Defendants never produced the box of documents.
 {¶ 8} In November 2001, ABI learned that some or all of the Defendants had formed another entity, related to the four corporate defendants, which had acquired some of CTI's assets. ABI then filed a motion for default judgment, arguing that the Defendants' refusal to provide discovery and their transfer or liquidation of assets was an attempt to defeat ABI's legitimate claims.
 {¶ 9} A hearing was held on Plaintiff's motion for default judgment. Testimony showed that a newly created entity, Omnitronics LLC, owns assets formerly belonging to the Defendants, CTI Audio and/or CTI Communications. The trial court found that the formation of Omnitronics and the information regarding the transfer of assets to Omnitronics would have come to ABI's attention much sooner than it did had the Defendants complied with their discovery obligations. The court found that this failure to make discovery substantially prejudiced ABI because it deprived ABI of its opportunity under Civ.R. 65 to enjoin the transfers to Omnitronics before they occurred, and that it prevented ABI from pursuing its claims at the trial that was scheduled to commence on January, 28, 2002.
 {¶ 10} At the hearing, Defendants attempted to justify their discovery failures though an affidavit of Defendant Ross, in which he claimed the box of discovery documents the court had ordered Defendants to deliver was assembled in June 2001. According to his affidavit, "Betty at CTI Audio" sent a fax directly to ABI's counsel on June 13, 2001, asking what should be done with the documents. However, Ross failed to attend the evidentiary hearing to testify concerning those matters.
 {¶ 11} ABI's counsel denied ever receiving the fax. The Defendants' counsel acknowledged that he had not seen it until it was faxed to him from Omnitronics in January 2002, approximately one week before the hearing on the motion for default judgment. He stated that he had no explanation for why the box was not sent.
 {¶ 12} The trial court found that "there was no proof that the fax had, in fact, been sent at any time in 2001." The trial court found that the evidence concerning the fax lacked credibility as to its authenticity and delivery. Further, the court found that the fax could not have satisfied the Defendants' discovery obligations because the letter ABI had sent listing the documents it wanted was not sent until July 3, 2001, approximately three weeks after the alleged fax stated the box containing those documents was ready.
 {¶ 13} Based on the findings it made, the trial court granted a default judgment against the Defendants as a Civ.R. 37(B) sanction. Defendants filed a timely notice of appeal. They are represented on appeal by different counsel, who were not involved in the trial court's proceedings.
 ASSIGNMENT OF ERROR {¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING DEFAULT JUDGEMENT AGAINST THE APPELLANTS AS A RESULT OF THE TRIAL COURT'S DETERMINATION THAT THE APPELLANTS HAD WILLFULLY AND IN BAD FAITH DISREGARDED THE COURT'S DISCOVERY ORDER (TRIAL COURT'S DECISION AND ENTRY GRANTING JUDGEMENT FOR PLAINTIFFS)."
 {¶ 15} Appellate review of a pretrial discovery sanction is limited to determining whether the trial court abused its discretion.Anderson v. A.C. S., Inc. (1992), 83 Ohio App.3d 581, motion overruled 66 Ohio St.3d 1489. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} Civil Rule 37(B)(2) gives the court broad discretion to fashion orders compelling discovery compliance and penalizing non compliance. It provides:
 {¶ 17} "If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 {¶ 18} "(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
 {¶ 19} "(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
 {¶ 20} "(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
 {¶ 21} * *" (emphasis added)
 {¶ 22} When granting a motion for default judgment pursuant to Civ.R. 37(B), a court must satisfy two criteria. First, the court must provide the faulting party adequate notice that the default judgment may be rendered against it if the party fails to remedy or explain the non-compliance. Haddad v. English (2001), 145 Ohio App.3d 598. Second, the court must determine that the party's actions were willful or in bad faith. Toney v. Berkemer (Ohio 1983), 6 Ohio St.3d 455.
 {¶ 23} Implied notice of the possibility of a default judgment is all that is needed to satisfy the due process guarantees. Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46. "[A] trial court may impose the sanction of dismissal when a party refuses to comply with a court's order and `counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.'" Haddad, supra at 604 (quoting Quonset Hut, supra, at 49).
 {¶ 24} The trial court's June 8, 2001 order to produce discovery stated: "Failure to comply in good faith with any provision of this Order may result in the award of further sanctions as provided for in Civil Rule 37(B)." Civil Rule 37(B) permits a court to render a judgment by default against the disobedient party. The trial court's reference to Civ.R. 37(B) satisfied the due process requirement by giving Defendants notice and an opportunity to be heard concerning the prospective default judgment.
 {¶ 25} We must next consider whether the defendants' failure to comply with the trial court's orders to produce discovery documents were willful or in bad faith. The trial court found "that the defendants' more-than-two-year failure to make discovery reflects willfulness and bad faith, and because the defendants have been admonished repeatedly by court orders to make specific discovery by specific times without any satisfactory effect, it is within the court's discretion here to apply the sanction of judgment by default."
 {¶ 26} Defendants argue that the motion for default judgment should not have been granted because they did produce some discovery and did not completely ignore the trial court's orders. While it is true they did provide a few documents over the two and a half years and answered interrogatories submitted to them, those responses were in no way sufficient to constitute substantial compliance. Additionally, this court has affirmed a default judgment entered pursuant to Civ.R. 37(B) even when the faulting party partially complied with the court's order to produce discovery. See Ohio Dept. of Mental Retardation and DevelopmentalDisabilities v. Hatch (June 12, 1989), Montgomery App. No. 11227.
 {¶ 27} The trial court's determination that the defendants acted willfully and in bad faith is reasonably supported by the evidence. We find that the trial court did not abuse its discretion in granting the default judgment in favor of ABI. The Defendants were given multiple opportunities to provide the discovery documents. Defendants had adequate notice of the possibility of a default judgment, yet they failed to turn over discovery documents to ABI. Defendants blatantly ignored the trial court's orders to provide discovery, and they offered no legitimate reasons for their failures to comply.
 {¶ 28} During the two and a half years that Defendants refused to produce documents, some or all of the Defendants may have been engaged in transactions which disposed of assets in a way beneficial to them and detrimental to ABI. Had the Defendants produced the requested discovery, ABI may have become aware of the transfers of assets and have had a chance to protect its interests. Given the Defendants' earlier failures to comply with discovery orders and the suspicious transfers of assets that occurred while Defendants withheld discovery, we find it was not unreasonable, arbitrary or unconscionable for the trial court to grant a default judgment against the defendants.
 {¶ 29} Defendants argue that, even if these failures were willful and prejudiced Plaintiffs as the trial court found, a default judgment against them on all of Plaintiff's claims for relief is overly broad. Defendants argue that they gave discovery relevant to some of those claims. These distinctions involve matters that the trial court could have been asked to consider. Defendants didn't argue the matter in the trial court. That failure waives their right to argue the claim on appeal.
 {¶ 30} The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.