JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, David Redeye ("Redeye"), appeals from a decision of the Common Pleas Court that granted defendant-appellee, Cecilia Belohlavek's ("Belohlavek"), motion for summary judgment. Upon review, we conclude that there are no genuine issues of material fact and that Belohlavek is entitled to judgment as a matter of law on Redeye's claims. Accordingly, we affirm the trial court's decision.
 {¶ 2} A review of the record reveals the following facts: Sometime in 1981, Belohlavek and Redeye began dating and moved into a house together located at 8985 Walton Road, Sagamore Hills, Ohio. The facts are in dispute as to how the home was actually purchased. According to Belohlavek, she bought the house without any contribution from Redeye, that her father gave her $40,000 for the down payment on the house, and that she is the only person named on the title and deed to the house.[1] In contrast, Redeye claims that he bought the house and made the $40,000 down payment with no help from Belohlavek.[2] Redeye concedes that Belohlavek took out the mortgage on the house and that she is the owner of the house "on paper;" however, he claims that he is a co-signer on the loan.
 {¶ 3} Regardless of who actually purchased the house, it is undisputed that Redeye and Belohlavek moved into the house in 1981 and lived together in the house for nearly 20 years. During this time, the parties split the mortgage payments and all other monthly bills.
 {¶ 4} Throughout their years together, the parties owned four dogs. Their first dog, Sam, died in 1993. Shortly after his death, Redeye brought another dog, Brandy, into the home. Shortly after that, the parties obtained a mixed lab named Mulligan. About a year later, the parties adopted a dalmatian named Domino. During the time that Redeye lived in the house with Belohlavek, he shared responsibility for the dogs by taking care of them, taking them to the vet (Dr. Koncal), and registering them for their licenses.
 {¶ 5} Two of the dogs, Mulligan and Domino, were known to fight with each other and were kept separated and in different rooms inside the house to stop them from fighting with each other. Dr. Koncal confirmed that both dogs were brought in on several occasions by Redeye to get stitched up from fighting. Dr. Koncal also confirmed that in the vetinary files, the dogs were listed under Redeye's name and not Belohlavek's.
 {¶ 6} At some point, the relationship between Redeye and Belohlavek soured and the two began sleeping in separate bedrooms. Moreover, as of July 2002, Redeye had a new girlfriend.
 {¶ 7} On August 22, 2002, while Redeye was inside the house, Domino escaped from the room in which he was kept and began to attack Mulligan. Unfortunately, Redeye was caught between the two dogs and was severely bitten on his right hand and forearm. Redeye does not recall how Domino got out of the room in which he was kept.
 {¶ 8} On October 22, 2002, Redeye moved out of the house. Since this time, Mulligan and Domino have remained with Belohlavek.
 {¶ 9} On September 24, 2003, Redeye filed this complaint against Belohlavek alleging negligence and strict liability pursuant to R.C.955.28. On November 5, 2004, Belohlavek filed a motion for summary judgment.
 {¶ 10} On January 20, 2005, the trial court granted Belohlavek's motion for summary judgment, holding in pertinent part: "It is undisputed that the plaintiff and defendant lived together for approx. 20 years. It is also undisputed that the two dogs which caused the attack lived with the plaintiff and defendant for approx. 10 of those years. During that time, the plaintiff was the registered owner of the dogs and equally responsible for the animals in that he admits to assisting in their care and veterinarian appointments. Plaintiff cannot prove negligence as defendant did not owe a duty of care as alleged. Plaintiff cannot seek the protection of R.C. 955.28, which holds the owner, keeper, or harborer strictly liable for injuries, death or property loss caused by a dog. Plaintiff is not within the class of people the statute was meant to protect as he is the registered owner, or in the least, the co-owner of the dogs."
 {¶ 11} Redeye timely appealed the trial court's judgment and raises the following two assignments of error:
 {¶ 12} "I. The trial court erred to the prejudice of plaintiff-appellant by granting summary judgment in favor of defendant-appellee."
 {¶ 13} In his first assignment of error, Redeye claims that the trial court erred in granting summary judgment in favor of Belohlavek because genuine issues of material fact exist as to whether Belohlavek was (1) strictly liable under R.C. 955.28 and (2) negligent at common law with regard to his injuries.
 {¶ 14} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 15} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 16} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 17} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Belohlavek's favor was appropriate.
A. Statutory Claim
 {¶ 18} Pursuant to R.C. 955.28(B), "the owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog * * *."[3]
 {¶ 19} In order to maintain a strict liability cause of action under R.C. 955.28(B), the plaintiff must establish: (1) that the defendant is the owner, keeper, or harborer of the dog; (2) that the injury was proximately caused by the dog's actions; and (3) the monetary amount of the damages. Hirschauer v. Davis (1955), 163 Ohio St. 105.
 {¶ 20} In general, a victim who owns, keeps, or harbors a dog cannot recover for injuries inflicted by the dog on him or her. See Johnson v.Allonas (1996), 116 Ohio App.3d 447, 450; Khamis v. Everson (1993),88 Ohio App.3d 220, 227; Manda v. Stratton (Apr. 30, 1999), 11th Dist. No. 98-T-0018; Myers v. Lynn (July 19, 1985), 6th Dist. No. L-85-009. Specifically, R.C. 955.28(B) is intended to protect people who are not in a position to control the dog and not the owner, keeper, or harborer of the dog who have "an absolute duty to control the animal."Khamis, 88 Ohio App.3d at 227.
 {¶ 21} Here, the trial court found that there remained no genuine issue of material fact as to whether Redeye was an owner of the dogs, and concluded that he was the owner, or co-owner of the dogs. The trial court found that Redeye was therefore barred from seeking recovery under the statute, and granted summary judgment to Belohlavek on the statutory claim.
 {¶ 22} We agree with the analysis employed by the trial court. An owner is the person to whom the dog belongs. Garrard v. McComas (1982),5 Ohio App.3d 179, 182. Here, the record clearly supports the fact that Redeye was the owner, or at least, co-owner of the dogs in question. Redeye lived with Belohlavek for over 20 years. For 10 of those years, the dogs lived with the both of them. Redeye was the registered owner of the dogs in that he obtained their licenses in his name. He shared the responsibility for taking care of the dogs, including the feeding and walking of the dogs. In fact, he acknowledged his responsibilities toward the dogs by analogizing them to being his "children."[4]
Finally, Dr. Koncal confirmed that his office files listed the dogs under the name of Redeye and not Belohlavek.
 {¶ 23} As an owner, Redeye was the person charged with responsibility of controlling the dogs under his care. R.C. 955.28(B) places liability for the injuries caused by the dog on Redeye, including those injuries he sustained. Quite simply, Redeye is not within the class of people the statute was meant to protect. We find the trial court correctly decided that reasonable minds could only conclude that no genuine issue of material fact existed for trial and that Belohlavek was entitled to judgment as a matter of law on Redeye's statutory claim.
B. Negligence Claim
 {¶ 24} We next consider the trial court's award of summary judgment to Belohlavek on Redeye'scommon law claim. Under the common law, a plaintiff suing for damages inflicted by a dog under a theory of general negligence must show: (1) the defendant owned or harbored the dog; (2) the dog was vicious; (3) the defendant knew of the dog's viciousness; and (4) the defendant was negligent in keeping the dog. Flint v.Holbrook (1992), 80 Ohio App.3d at 25-26.
 {¶ 25} For the same reasons employed above, we find that Redeye cannot recover under a negligence theory. Redeye was the owner of the dogs at the time of the attack. The fact that the dogs remained with Belohlavek once the parties ended their 20 year relationship does not negate the fact that Redeye was a co-owner at the time the dogs attacked him. Belohlavek owed no duty to protect Redeye from his own dogs.
 {¶ 26} Moreover, Belohlavek was not negligent in keeping the dogs. Indeed, the record indicates that Redeye is probably the one who let the dog out of the room in which he was kept in the first place.[5]
Although this may have been unintentional, Redeye knew that the dogs had a propensity for fighting with each other.
 {¶ 27} The statutory and common law are both clear in the requirement that owners, keepers and harborers are to be held liable for the attack of a vicious dog on a person who has no control over the dog. Here, not only was Redeye the owner of the dogs, but he had control over them on the day in question. He was alone inside his own house on the morning of the attack. Redeye's claim that he was a guest or invitee in the home on morning of the attack is simply not supported by any evidence in the record, including Redeye's own testimony. Specifically, Redeye testified that he owns the house, not Belohlavek, and that he did not move out of the house until October 2002, two months after the attack.[6]
 {¶ 28} Accordingly, we find the trial court correctly decided that reasonable minds could only conclude that no genuine issue of material fact existed for trial and that Belohlavek was entitled to judgment as a matter of law on Redeye's negligence claim.
 {¶ 29} Assignment of Error I is overruled.
 {¶ 30} "II. The trial court erred to the prejudice of plaintiff-appellant by granting defendant-appellant leave to file a motion for summary judgment three months after the dispositive motion deadline and six months after completing discovery."
 {¶ 31} In his second assignment of error, Redeye argues that the trial court abused its discretion in allowing Belohlavek to file her motion for summary judgment after the court's deadline had passed.
 {¶ 32} The granting of leave to file an untimely motion for summary judgment is discretionary with the trial court. Brinkman v. City ofToledo (1992), 81 Ohio App.3d 429, 432. Here, Belohlavek's motion for summary judgment was filed nearly three months after the court's deadline.[7] However, as set forth in her motion for leave to file, Belohlavek required additional time to move for summary judgment because she did not obtain an affidavit from Dr. Koncal until October 14, 2004, the day before she requested leave to file. In moving for summary judgment, Belohlavek relied upon the affidavit from Dr. Koncal to support her claim that Redeye was co-owner of the dogs in question. Under these circumstances, we perceive no abuse of discretion in allowing the untimely motions to be filed, nor do we perceive that the timing of the motions caused any prejudice to Redeye.
 {¶ 33} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] Belohlavek Tr. 10-11, 18-19.
[2] Redeye Tr. 7-8.
[3] While certain exceptions to this liability exist, they are not applicable to the case at bar.
[4] Redeye Tr. at 27.
[5] Redeye Tr. 30.
[6] Redeye Tr. 7-8, 11-12, 13.
[7] The scheduled deadline for filing dispositive motions was set for July 21, 2004. Belohlavek filed her motion for summary judgment on October 15, 2004.