[Cite as *Forty-Fourth Properties L.L.C. v. Demyan*, 2012-Ohio-3085.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97831**

# FORTY-FOURTH PROPERTIES LLC

PLAINTIFF-APPELLANT

vs.

# JACLYN P. DEMYAN

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cleveland Municipal Housing Court
Case No. 2011 CVG 012318

**BEFORE:**     Blackmon, A.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**     July 5, 2012

**ATTORNEY FOR APPELLANT**

Scott D. White
21300 Lorain Road
Fairview Park, Ohio 44126

**APPELLEE**

Jaclyn P. Demyan, Pro Se
1563 Ridgewood Ave., Up
Lakewood, Ohio 44107

PATRICIA ANN BLACKMON, A.J.:

{¶1} In this accelerated appeal, appellant Forty-Fourth Properties LLC ("landlord") appeals the trial court's permitting appellee Jaclyn P. Demyan ("Demyan") leave to file an answer and the court's issuing judgment without first conducting a hearing on damages. The landlord assigns the following two errors for our review:

**I. The court erred in allowing defendant to file her answer untimely.**

**II. The court erred by issuing a judgment without hearing on property damages.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

### Facts

{¶3} On July 11, 2011, the landlord filed a complaint in forcible entry and detainer against Demyan. Demyan was renting an apartment located at 1932 West 44th Street in Cleveland, Ohio. The complaint stated that Demyan had been served with notice of eviction on July 2, 2011, for non payment of rent. The complaint also asserted a second cause of action for the rent that was due and owing and also asserted that "Plaintiff further states that defendant may have damaged the property, as will be more fully known after plaintiff gains access to the property."

{¶4} On August 1, 2011, the parties entered into an agreed judgment entry that stated that Demyan would vacate the premises by August 2, 2011. The court also set forth in the entry that a default hearing would be conducted on August 29, 2011, in the

event that Demyan failed to file an answer regarding the landlord's request for damages. The record shows that Demyan appeared at the August 29, 2011 hearing and was granted leave until September 2, 2011, to file her answer. Demyan filed her answer on that date.

{¶5} On September 14, 2011, the landlord filed an objection to the magistrate's allowing Demyan additional time to file the answer. The trial court overruled the landlord's objection stating, "Ohio courts have long recognized that the interests of justice are better served when the courts address the merits of claims and defenses at issue rather than using procedural devises to resolve pending cases."

{¶6} A hearing was conducted on October 31, 2011, where the parties entered into the following stipulations: (1) Demyan and the landlord entered into a written rental agreement on July 10, 2010; (2) rent in the amount of $535 was due on the first of each month; (3) Demyan gave the landlord a security deposit in the amount of $535; (4) Demyan last paid rent for April 2011; and, (5) Demyan vacated the premises on August 2, 2011. Because the parties were unable to reach a settlement regarding the amount Demyan owed the landlord, the court referred the matter to the chief magistrate to be assigned for trial.

{¶7} On December 12, 2011, the trial court entered a judgment entry stating that due to the stipulations entered on October 31, 2011, a trial was not necessary. The court entered judgment in favor of the landlord for his claim of unpaid rent in the amount of $535 plus costs with interest from the date of judgment. The court additionally found that the landlord failed to allege a valid claim for property damages because it never

amended its complaint to indicate that Demyan did in fact damage the property and failed to set forth the amount of the damages.

## Leave to File Answer

**{¶8}** In its first assigned error, the landlord contends the trial court erred by granting Demyan leave to file her answer until September 2, 2011, because the agreed judgment entry stated that Demyan had until August 29, 2011, to file an answer.

**{¶9}** Although the date set for Demyan to file an answer was contained within the agreed judgment entry, Civ.R. 6(B) allows the court discretion to permit leave to file an untimely answer. Civ.R. 6(B) provides:

> **When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.**

**{¶10}** Thus, if a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion upon a showing of excusable neglect. *Miller v. Lint*, 62 Ohio St.2d 209, 214, 404 N.E.2d 752 (1980). A trial court's determination of whether neglect is excusable or inexcusable "must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds." *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271,

533 N.E.2d 325 (1988). Generally, default judgments are disfavored and should be imposed only when the actions of the defaulting party create a presumption of willfulness or bad faith. *Suki v. Blume*, 9 Ohio App.3d 289, 290, 459 N.E.2d 1311 (8th Dist.1983); *Haddad v. English*, 145 Ohio App.3d 598, 603, 763 N.E.2d 1199 (9th Dist.2001).

{¶11} Here, Demyan appeared for the scheduled August 29, 2011 hearing, but failed to file her answer before this date. Demyan, who appeared pro se, claimed to have prepared an answer but it had not yet been filed. The court gave her until September 2, 2011 to file the answer, and Demyan complied by filing her pro se answer on that date. Given that Demyan was pro se, and filed the answer within five days after the original due date, the trial court did not abuse its discretion by allowing the delayed answer. There appears to have been no willfulness or bad faith on Demyan's part that would negate the court's duty to decide cases on their merits whenever possible. Accordingly, the landlord's first assigned error is overruled.

## Court's Failure to Conduct a Hearing

{¶12} In its second assigned error, the landlord argues the trial court erred by denying its claim for property damages without first conducting a hearing on damages.

{¶13} A plaintiff is required to set forth a short and plain statement showing entitlement to relief. Civ.R. 8(A). The purpose of notice pleading is to notify a defendant of the allegations against him so that he might prepare a defense thereon. *Karsnak v. Chess Fin. Corp.*, 8th Dist. No. 97312, 2012-Ohio-1359. In its complaint, the landlord alleged that "Plaintiff further states that defendant *may have* damaged the property, as

will be more fully known after plaintiff gains access to the property."  (Emphasis added.)

 This language did not assert a claim for damages because at the time that the landlord filed its complaint, it had no knowledge whether Demyan damaged the property because the landlord had not yet accessed the premises.  Also, based on the wording of the complaint, Demyan could not file an answer to the ambiguous allegation.  The trial court held that property damages could not be awarded because:

> **The complaint * * * anticipates that plaintiff might amend it to state a claim for property damage.  But it does not state a claim for property damage.  The rules of notice pleading allow a short plain statement of claim without specific factual allegations. But a conditional statement that a party may later have a claim is not sufficient under this standard.**

{¶14}   Thus, because the landlord did not amend its complaint to assert that damages actually occurred, the trial court did not err by refusing to conduct a hearing on damages prior to entering judgment.  Accordingly, the landlord's second assigned error is overruled.

{¶15}   Judgment affirmed.

It is ordered that appellee recover from appellant her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
SEAN C. GALLAGHER, J., CONCUR