[Cite as *K.S. v. Pla-Mor Roller Rink*, 2016-Ohio-815.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103139**

### K.S., A MINOR, ETC., ET AL.

PLAINTIFFS-APPELLANTS

vs.

### PLA-MOR ROLLER RINK

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-826929

**BEFORE:** Celebrezze, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** March 3, 2016

**ATTORNEYS FOR APPELLANTS**

Jeffrey H. Friedman
Friedman Domiano & Smith
55 Public Square
Suite 1055
Cleveland, Ohio 44113

Steven M. Weiss
Law Offices of Steven M. Weiss
55 Public Square, Suite 1055
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Julian T. Emerson
Holly M. Wilson
Reminger Co., L.P.A.
101 Prospect Avenue West
1400 Midland Building
Cleveland, Ohio 44115

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiffs-appellants, K.S., a minor, by and through her parent and natural guardian ("appellants") bring this appeal challenging the trial court's order granting summary judgment in favor of defendant-appellee, Pla-Mor Roller Rink ("Pla-Mor"). After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Nine-year-old K.S. frequently attended Pla-Mor in Euclid, Ohio. For many years, K.S. and members of her family went roller-skating at Pla-Mor at least once a week.

{¶3} Inside Pla-Mor, there is a counter area where customers pick up and drop off rental skates. The counter area is separate from the skating surface, and there is no skating permitted in the counter area. Directly in front of the skate rental counter is a wooden partition that separates the counter area from a seating area where customers change into and out of their roller skates.

{¶4} On February 8, 2014, K.S. went to Pla-Mor to roller-skate with her uncle and three cousins, ages 13, 16, and 21. During this particular visit, K.S. was injured while skating in the counter area. K.S. used the skate rental counter and the wooden partition to propel herself through Pla-Mor's counter area. As K.S. ran her hand across the wooden partition, splinters from the partition became embedded in her right hand. The splinters from K.S.'s right hand were removed and she received stitches. Furthermore, K.S.'s hand injuries required surgery.

{¶5} K.S. and her mother brought a negligence action against Pla-Mor for the injuries she sustained. After the parties exchanged discovery, Pla-Mor filed a motion for summary judgment. The trial court granted Pla-Mor's motion for summary judgment, finding that (1)

appellants did not present a prima facie case of negligence, and (2) the condition was open and obvious.

{¶6}   Appellants filed the instant appeal assigning one error for review:

I. The trial court erred in granting appellee's motion for summary judgment as there are genuine issues of material fact.

## II. Law and Analysis

### A. Standard of Review

{¶7}   This court reviews the lower court's granting of summary judgment de novo. *Baiko v. Mays*, 140 Ohio App.3d 1, 7, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997); *Dragmen v. Swagelok Co.*, 8th Dist. Cuyahoga No. 101584, 2014-Ohio-5345, ¶ 15.   An appellate court affords no deference to the trial court's ruling and conducts an independent review of the record to determine whether summary judgment is appropriate.   "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party.   * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990).

{¶8}   Under Civ.R. 56, summary judgment is appropriate when:   (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶9}   The party moving for summary judgment has the initial burden to show that no genuine issue of material fact exists. *Redeye v. Belohlavek*, 8th Dist. Cuyahoga No. 87874,

2007-Ohio-85, ¶ 16, citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

{¶10} In *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996), the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991). Under *Dresher*, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Id*. at 296. The movant cannot simply rely on conclusory assertions that the nonmovant has no evidence — the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. *Id*. at 293.

{¶11} The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. *Id*. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(_) showing a genuine issue for trial exists. *Id*.; *see Citibank, N.A. v. Katz*, 8th Dist. Cuyahoga No. 98753, 2013-Ohio-1041, ¶ 15. If the nonmoving party establishes the existence of a genuine issue of material fact, then the trial court should deny the motion for summary judgment.

{¶12} In the instant matter, appellants contend that genuine issues of material fact exist regarding (1) whether Pla-Mor breached the duty owed to K.S. by exposing her to an unreasonably dangerous condition, and (2) whether the defect on Pla-Mor's premises was open and obvious.

## B. Prima Facie Case

{¶13} Under Ohio law, the mere happening of an accident does not give rise to a presumption of negligence. *Parras v. Std. Oil Co.*, 160 Ohio St. 315, 319, 116 N.E.2d 300 (1953). To prevail in a negligence action, a plaintiff must demonstrate that: (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's injury. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).

{¶14} In the instant matter, the first element is undisputed. K.S. was a business invitee of Pla-Mor, and thus, Pla-Mor owed K.S. a duty of care. The second element, whether Pla-Mor breached its duty, is at issue.

{¶15} Appellants argue that Pla-Mor breached the duty of care owed to K.S. by exposing her to an unnecessary and unreasonable danger. We disagree.

{¶16} A property owner owes its business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). The owner "must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precaution to protect the invitee from dangers which are foreseeable from the arrangement or use." *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372 N.E.2d 335 (1978).

{¶17} It is well settled that a property owner is under no duty to protect a business invitee against dangers that are known to the invitee or are so obvious and apparent to the invitee that he may reasonably be expected to discover them and protect himself against them. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

**{¶18}** Appellants argue that the wooden partition constitutes an unreasonably dangerous condition, and presents an unreasonable likelihood of injury to minor patrons and inexperienced skaters. Thus, appellants contend that Pla-Mor had a duty to remove the partition.

**{¶19}** The parties dispute the testimony of Pla-Mor owner Warren Hatchet ("Hatchet"). Appellants argue that Hatchet "directly admitt[ed] the roller rink was in an unsafe condition at the time that K.S. got injured." Furthermore, appellants contend that Hatchet testified that there was chipped paint and splintering wood on the partition in the counter area. On the other hand, Pla-Mor contends that Hatchet testified that the partition's wood was smooth and not splintered.

**{¶20}** During his deposition, Hatchet acknowledged that splintering wood could present a risk to a patron. However, contrary to appellants' contention, Hatchet testified that the partition's wood was not splintering:

> The top of [the partition], it was still smooth. I know that you can see like a discoloration, but there was nothing splintering and, I mean, it was smooth, it was still smooth. So the only place that I can conclude [K.S.'s injuries occurred] would have been on the side, you know, as far as where it came from, because there was nothing, any type of splintering [on the top].

**{¶21}** Furthermore, Hatchet testified that although he did not look at the partition's wood with a magnifying glass, he determined that there was "nothing that was splintered" and that the wood "was very smooth."

**{¶22}** After reviewing the record, we do not find that the wooden partition was an unreasonably dangerous condition on Pla-Mor's premises. There is no evidence in the record that the partition's wood was splintering. Furthermore, Pla-Mor was neither aware that the partition's wood was splintering nor that any other customers sustained splinters from the partition.

**{¶23}** Appellants' argument that Pla-Mor had a duty to remove the wooden partition because it is foreseeable that minors and inexperienced skaters would grab onto the wooden partition for balance or to prevent a fall is misplaced, because skating is not permitted in the area where the wooden partition is located.

**{¶24}** Assuming, arguendo, that the wooden partition constituted an unreasonably dangerous condition, Pla-Mor fulfilled its duty of care to K.S. by warning her not to (1) skate in the counter area, and (2) propel herself using the rental counter and wooden partition. Appellants argue that Pla-Mor's warnings were inadequate because employees merely warned K.S. not to skate in the counter area and did not warn her about the possibility of sustaining splinters from the wooden partition. We find no merit to this argument because Pla-Mor was neither aware that the partition's wood was splintering nor that any other customers previously sustained splinters from the wooden partition.

**{¶25}** K.S. testified that Pla-Mor owner Warren Hatchet told her not to skate in the counter area. K.S.'s cousin testified that Warren Hatchet warned kids not to skate in the counter area. Furthermore, K.S.'s family members warned her not to skate in the counter area. K.S. testified that her mom, uncle, and cousins told her not to skate in the counter area because "they didn't want me to get hurt."

**{¶26}** K.S. knew of, and understood, the danger of skating in the counter area. K.S. testified that she understood that she should not skate in the counter area because she could get hurt. K.S.'s cousins testified that it was "common sense" that people should not skate in the counter area. If K.S. had heeded the warnings of the Pla-Mor employees and her family members not to skate in the counter area, she would not have sustained the injury from the wooden partition.

{¶27} Appellants direct this court to *Chapman v. Foggy*, 59 Ill.App.3d 552, 375 N.E.2d 865 (1978). In *Chapman*, splinters became imbedded in a minor-patron's arm when she exited a roller rink's skating surface. *Id*. at 554. The splinters came from a wooden rail on top of the wall separating the skating surface from the non-skating area. *Id*. The defendant-owner testified that he "was aware that children who cannot skate well stop against the rail, using it to steady themselves when stopping, standing inside the wall, or moving along the side of the skating area." *Id*. at 556. Furthermore, there was evidence that "the railing had been in a splintering condition for a period of time" before the plaintiff was injured. *Id*. The appellate court upheld the trial court's denial of the defendant-rink owner's motion for a directed verdict during trial, because (1) the defendant-owner failed to warn the patrons of the splintering rail, and (2) the owner had constructive notice of the alleged defect. *Id*.

{¶28} We find that the instant matter is distinguishable from *Chapman*. First, unlike *Chapman*, Pla-Mor employees warned K.S. not to skate in the counter area, and not to propel herself through the counter area using the rental counter and the wooden partition. Furthermore, unlike *Chapman*, the wooden partition was not in an area designated for skating. Thus, we find that appellants' reliance on *Chapman* is misplaced.

{¶29} We neither find that the wooden partition in Pla-Mor's counter area constitutes an unreasonably dangerous condition nor that Pla-Mor breached its duty of care to maintain the premises in a reasonably safe condition and to warn of hidden dangers. Accordingly, we find that appellants failed to establish a prima facie case for negligence.

### C. Open and Obvious

{¶30} The parties further dispute whether the danger on Pla-Mor's premises was open and obvious.

{¶31} Appellants argue that the open and obvious doctrine does not apply because: (1) a customer should not expect to encounter splinters protruding from a partition that is located in a public area; (2) Pla-Mor did not post any warning signs regarding the condition of the wooden partition; and (3) employees work at the counter directly behind the wooden partition and have an unobstructed view of it — thus, if the condition was actually open and obvious, these employees working at the counter would have noticed it. We find no merit to these arguments.

{¶32} The "open and obvious" doctrine relates to the threshold issue of duty. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. A property owner is under no duty to protect a business invitee against dangers that are known to the invitee or are so obvious and apparent to the invitee that he may reasonably be expected to discover them and protect himself against them. *Sidle*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), at paragraph one of the syllabus; *see Workman v. Linsz*, 8th Dist. Cuyahoga No. 102473, 2015-Ohio-2524, ¶ 9.

{¶33} In the instant matter, the trial court heard testimony that Pla-Mor employees told children not to skate around the counter area because the area was usually crowded with people. K.S. admitted that she had been warned, both by Pla-Mor employees and family members, not to skate in the counter area because of the crowd. Furthermore, K.S. understood that skating in the counter area could result in injury. K.S.'s cousins testified that it was "common sense" that people should not skate in the counter area.

{¶34} Appellants argue that the risk of the splintering wooden partition was not foreseeable. Furthermore, appellants contend that Pla-Mor's warnings did not alert K.S. to avoid skating in the counter area because she could get splinters from the wooden partition. Appellants contend that as far as K.S. understood, the risks of skating through the counter area

included falling down or colliding with other customers — she did not understand that she could be injured by the partition's splintering wood.

**{¶35}** After reviewing the record, we find that the condition was open and obvious. Both Pla-Mor employees and K.S.'s family members warned her not to skate in the counter area. K.S. testified that she knew she should not skate in the counter area, and she understood that skating in the counter area was dangerous and that she could get hurt.

**{¶36}** Furthermore, after reviewing the facts and the testimony, we do not find that the application of the open and obvious doctrine is improper based on K.S.'s age.

**{¶37}** The Ohio Supreme Court has consistently held that children have a special status in tort law, and that duties of care owed to children are different from duties owed to adults. *See Bennett v. Stanley*, 92 Ohio St.3d 35, 39, 748 N.E.2d 41 (2001). Furthermore, the Ohio Supreme Court held that "the amount of care required to discharge a duty owed to a child of tender years is necessarily greater than that required to discharge a duty owed to an adult under the same circumstances." *Di Gildo v. Caponi*, 18 Ohio St.2d 125, 127, 247 N.E.2d 732 (1969).

**{¶38}** In the instant matter, K.S. was nine years old at the time she was injured at Pla-Mor. However, K.S. roller-skated at Pla-Mor on a weekly basis. Furthermore, both Pla-Mor employees and family members repeatedly warned K.S. not to skate in the counter area. Although K.S. understood these warnings and knew that skating in the counter area was dangerous, she chose to disregard the warnings and continued skating in the counter area. As such, K.S.'s age was not a mitigating factor, and the trial court did not err in applying the open and obvious doctrine.

**{¶39}** Accordingly, we find that the trial court did not err in determining that the danger was open and obvious.

**{¶40}** Appellants' sole assignment of error is overruled.

### III. Conclusion

**{¶41}** A review of the evidence in a light most favorable to appellants leads to the conclusion that there are no genuine issues of material fact regarding appellants' negligence claim. The wooden partition in Pla-Mor's counter area does not constitute an unreasonably dangerous condition, and Pla-Mor did not breach its duty of care to maintain the premises in a reasonably safe condition and to warn invitees of hidden dangers. Furthermore, we find that the open and obvious doctrine precludes appellants' claims, because K.S. knew that she should not skate in the counter area and understood the dangers of doing so. Accordingly, appellants' assignment of error is overruled, and we affirm the trial court's ruling granting summary judgment in favor of Pla-Mor.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR