[Cite as *Silberhorn v. Flemco, L.L.C.*, 2020-Ohio-913.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PATRICIA SILBERHORN, :

    Plaintiff-Appellee, :

                                   No. 108346

    v. :

FLEMCO, L.L.C., :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 12, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-879598

---

### *Appearances:*

Wickens Herzer Panza, Matthew N. Danese, and Philip J. Truax, *for appellee.*

Oscar Trivers, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Flemco, L.L.C., appeals the trial court's grant of summary judgment to plaintiff-appellee, Patricia Silberhorn. Flemco raises one assignment of error for our review:

The trial court erred in granting Plaintiff's motion for summary judgment.

{¶ 2} Finding no merit to Flemco's assignment of error, we affirm.

## I. Procedural History and Factual Background

{¶ 3} On April 28, 2017, Silberhorn filed a complaint for declaratory judgment and money damages against Flemco. Her complaint contained one count for action to quiet title/declaratory judgment and one count for slander of title. In the complaint, Silberhorn stated that she owned the property located at 1339 Buhrer Avenue in Cleveland, Ohio. She alleged that on August 3, 2015, she, Flemco, and a third party, A Christmas Story House Foundation, Inc. ("the Foundation"), entered into a contract (the "Work Agreement"), under which Flemco would perform construction work on the property, Silberhorn would give Flemco access to the property, and the Foundation would pay Flemco for the work. Silberhorn alleged that Flemco failed to perform its obligations under the contract and that the Foundation terminated the contract on June 13, 2016. Silberhorn also alleged that Flemco filed and recorded a mechanic's lien with the Cuyahoga County Fiscal Officer in August 2016, stating that Silberhorn owed Flemco $5,471.50. Silberhorn alleged that Flemco failed to serve her with the mechanic's lien. Attached to Silberhorn's complaint was the Work Agreement and the recorded affidavit for mechanic's lien.

{¶ 4} Flemco filed an answer to the complaint and set forth a counterclaim against Silberhorn for breach of contract. Silberhorn answered the counterclaim.

Silberhorn served discovery requests on Flemco, including requests for admissions, which Flemco did not answer.

{¶ 5} Silberhorn subsequently filed a motion for summary judgment, seeking a declaration that the mechanic's lien was invalid on her claims for quiet title, damages on her claim for slander of title, and judgment in her favor on Flemco's counterclaim for breach of contract. Silberhorn supported her motion with her affidavit where she stated that she was not served with the mechanic's lien. Silberhorn also supported her motion with Flemco's unanswered requests for admissions, deemed to be admitted, which included admissions that the mechanic's lien "constitutes a slanderous cloud upon the title" on Silberhorn's property, was false, and was published "with a conscious disregard for Silberhorn's rights." Flemco opposed her motion and attached an affidavit of vice president of Flemco, Gregory Fleming, swearing that the statements in the opposition were true.

{¶ 6} In June 2018, the magistrate granted Silberhorn's motion for summary judgment in a written opinion, which stated in relevant part:

> Nowhere in [Flemco's] filings does it allege or provide evidence of the compliance with the statutory service requirements (attempts to serve the property owner via the Sheriff or certified mail) which are necessary to create a valid mechanics lien.

> While construing the evidence most strongly in favor of [Flemco], the magistrate finds that there are no genuine issues of material fact, that a reasonable trier of fact could only conclude in favor of [Silberhorn], and that [Silberhorn] is entitled to judgment as a matter of law.

The magistrate declared that the mechanic's lien was "invalid and defective," a "cloud upon the title to the property" at issue, and "null and void." It granted

Silberhorn quiet title as to the mechanic's lien and granted Silberhorn's claim for slander of title. The magistrate also concluded that Flemco's counterclaim for breach of contract was without merit and granted summary judgment to Silberhorn on that claim.

{¶ 7} In July 2018, Flemco filed objections to the magistrate's decision. In February 2019, the trial court by journal entry overruled Flemco's objections and adopted the magistrate's decision, granting summary judgment to Silberhorn on her claims against Flemco as well as on Flemco's counterclaim for breach of contract.

{¶ 8} It is from this judgment that Flemco now appeals.

## II. Law and Analysis

{¶ 9} In its sole assignment of error Flemco argues the trial court erred when it granted Silberhorn summary judgment.

{¶ 10} We review a trial court's grant of a motion for summary judgment de novo. *Citizens Bank, N.A. v. Richer*, 8th Dist. Cuyahoga No. 107744, 2019-Ohio-2740, ¶ 28. For de novo review, we independently "examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997). We therefore review the trial court's order without giving any deference to the trial court. *Citizens Bank* at ¶ 28.

{¶ 11} Pursuant to Civ.R. 56(C), summary judgment is proper where (1) "there is no genuine issue as to any material fact"; (2) "the moving party is entitled to judgment as a matter of law"; and (3) "reasonable minds can come to but one

conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Summary judgment should be awarded only after all doubts are resolved in favor of the nonmoving party and it is found that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 12} The moving party has the burden to show that no genuine issue of material fact exists. *Citizens Bank* at ¶ 30. After the moving party has met his or her burden, the burden shifts to the nonmoving party to put forth evidence "on any issue for which that party bears the burden of production at trial." *Robinson v. J.C. Penney Co.*, 8th Dist. Cuyahoga Nos. 62389 and 63062, 1993 Ohio App. LEXIS 2633, 14 (May 20, 1993). If the nonmoving party "fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial," summary judgment in favor of the moving party is proper. *Brandon/Wiant Co. v. Teamor*, 125 Ohio App.3d 442, 446, 708 N.E.2d 1024 (8th Dist.1998).

## A. Quiet Title and Declaratory Judgment

{¶ 13} Turning first to Silberhorn's claim for declaratory judgment and quiet title, "[a] cloud on a title is a defect in title 'that has a tendency even in the slight degree, to cast doubt upon the owner's title, and to stand in the way of a full and free exercise of his [or her] ownership.'" *Cuspide Properties, Ltd. v. Earl Mechanical*

*Servs.*, 6th Dist. Lucas No. L-14-1253, 2015-Ohio-5019, ¶ 27, quoting *McClure v. Fischer Attached Homes*, 145 Ohio Misc.2d 38, 2007-Ohio-7259, 882 N.E.2d 61 (C.P.). An invalid lien clouds a property's title because it "creates the appearance that there is an encumbrance on one's land where one does not exist." *Cuspide Properties* at ¶ 27.

{¶ 14} A mechanic's lien can be entered against an owner's interest in real property if the owner or the owner's agent fails to pay for work done to improve the property. *Cuspide Properties* at ¶ 28, citing R.C. 1311.02. R.C. 1311.07 requires that a copy of the recorded affidavit for a mechanic's lien be served on the owner of the improved property within 30 days of filing the lien. Service must be made on an individual owner via sheriff or any delivery method that includes a written receipt. R.C. 1311.19(A). A copy served via another method is considered served only if the person served acknowledges receipt or is proved to have actually received it. R.C. 1311.19(C). Failure to comply with the statutory service requirements renders a mechanic's lien invalid and unenforceable. *A & J Plumbing Inc. v. Huntington Natl. Bank*, 11th Dist. Lake No. 2014-L-023, 2014-Ohio-5707, ¶ 15.

{¶ 15} In her affidavit attached to her motion for summary judgment, Silberhorn states that Flemco did not serve her with a copy of the mechanic's lien. In its opposition, which is sworn to be true, Flemco states that it served Silberhorn with a copy of the mechanic's lien via regular U.S. mail. While the parties may dispute whether Silberhorn was served at all, there is no genuine dispute of material fact that Flemco did not serve Silberhorn via one of the methods required by R.C.

1311.19(A). We therefore affirm the grant of summary judgment in favor of Silberhorn on her claim for declaratory judgment and quiet title, declaring that the mechanic's lien is invalid and defective, a cloud upon the title to Silberhorn's property, and null and void. As a matter of law reasonable minds can come to but one conclusion and that conclusion is adverse to Flemco.

## B. Slander of Title

{¶ 16} Next, Silberhorn brought a claim against Flemco for slander of title. Slander of title is a tort action "against one who falsely and maliciously defames title to property and causes some special pecuniary damages or loss." *Acme Constr. Co. v. Continental Natl. Indemn. Co.*, 8th Dist. Cuyahoga No. 81402, 2003-Ohio-434, ¶ 46. To succeed on a claim for slander of title, the claimant must prove the following: "(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages." *Green v. Lemarr*, 139 Ohio App.3d 414, 430-431, 744 N.E.2d 212 (2d Dist.2000). Attorney fees incurred in litigation to quiet title satisfy the damages element for slander of title. *Id.* at 435.

{¶ 17} By failing to respond to Silberhorn's requests for admissions, Flemco admitted that the mechanic's lien "constitutes a slanderous cloud upon the title" on Silberhorn's property, was false, and was published "with a conscious disregard for Silberhorn's rights." In Ohio, failure to answer requests for admissions deem the matter admitted, and such admissions may support a motion for summary

judgment. *Jade Sterling Steel Co. v. Stacey*, 8th Dist. Cuyahoga No. 88283, 2007-Ohio-532, ¶ 11. In her affidavit supporting her motion for summary judgment, Silberhorn stated that she incurred attorney fees in bringing the action for quiet title. Flemco sets forth no facts to the contrary. We therefore affirm the grant of summary judgment in favor of Silberhorn on her claim for slander of title.

## C. Breach of Contract

{¶ 18} Lastly, Flemco brought a claim against Silberhorn for breach of contract. "A cause of action for breach of contract requires the claimant to establish the existence of a contract, the failure without legal excuse of the other party to perform when performance is due, and damages or loss resulting from the breach." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 41. "In addition to a contract's express terms, every contract imposes an implied duty of good faith and fair dealing in its performance and enforcement." *Id.* at ¶ 42. Courts generally construe contractual language as a matter of law. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 14. "When construing a contract, the court must ascertain and give effect to the intent of the parties, which is presumed to be reflected in the language used therein." *Kertes Ents., LLC v. Sanders*, 8th Dist. Cuyahoga No. 107770, 2019-Ohio-2237, ¶ 18.

{¶ 19} Flemco cannot succeed in its claim for breach of contract against Silberhorn for failure to pay work completed pursuant to the Work Agreement because Silberhorn had no duty to pay Flemco. Under the three-party Work Agreement, Flemco would perform construction work, Silberhorn would provide

Flemco access to the property, and the *Foundation* (not Silberhorn) would pay Flemco for the work performed.

{¶ 20} We therefore find that no genuine issues of material fact exist for trial, reasonable minds could come to but one conclusion in favor of Silberhorn, and Silberhorn is entitled to judgment as a matter of law on all three claims. Accordingly, we overrule Flemco's assignment of error.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR