[Cite as *Wright v. Mallet*, 2025-Ohio-1729.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

ANDREW J. WRIGHT, ET AL.,            :

    Plaintiffs-Appellants,            :

                                  No. 113980

    v.            :

RAYMOND JAMES MALLET,            :

    Defendant-Appellee.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** May 15, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-979071

---

*Appearances:*

Andrew J. Wright, *pro se.*

Tayeh Law Offices, LLC, and Ziad Tayeh, *for appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant Andrew Wright appeals the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of appellee Raymond Mallet ("Mallet") on Wright's complaint against him and granting default judgment against Wright on Mallet's counterclaim.

{¶ 2} Wright raises six assignments of error for review:

1. The court erred in granting defendant's motion for summary judgment and denying Wright's mechanic's lien payment for labor or service, equipment, and materials furnished pursuant to R.C. 1311.06 including using various methods for claiming lien payment under R.C. 1311.02.

2. The appellant's conviction is against the manifest weight of the evidence for Wright's performance of duty and Mallet's fraudulent actions in rescission.

3. The appellant's conviction is against the manifest weight of the evidence for Wright's performance of duty and Mallet's fraudulent actions in rescission or payment reversal.

4. The court erroneously interpreted the "punitive damages" doctrine and improperly assessed costs.

5. The court erred in awarding damages to Mallet without sufficient evidence to support his claims of negligently performed services or the need for equitable relief.

6. The court erred in granting Mallet's Motion for Default Judgment based on an "excusable neglect" of Wright's illness and the presence of court records showing Wright took multiple actions to file mechanic's lien claims.

{¶ 3} After a thorough review of the applicable law and facts, we reverse the judgment against Wright and remand for further proceedings.

## I. Factual and Procedural History

{¶ 4} Wright and Systems Mechanical L.L.C. ("SM") entered into an agreement with Mallet where Wright and SM would perform HVAC services at Mallet's property pursuant to a written estimate.

{¶ 5} There was a dispute as to whether Wright and SM fully and properly performed the work pursuant to the agreement. Wright filed a mechanic's lien against Mallet's property, and later Wright and SM filed suit against Mallet to

foreclose on the mechanic's lien, alleging that Mallet owed $7,297 plus interest for labor and materials furnished. Mallet filed an answer denying the claims and asserted a counterclaim against Wright and SM, raising claims of breach of contract, unjust enrichment, consumer violations, and slander of title. Mallet alleged that he had fully paid Wright and SM and that they had negligently performed and/or failed to complete the services under the parties' agreement.

{¶ 6} Wright and SM sought multiple extensions of time to respond to the counterclaim, which were granted, but no response was filed by Wright and SM. Mallet then moved for summary judgment as to Wright and SM's claims and default judgment on his counterclaim.

{¶ 7} The court held a telephonic hearing on the motions for summary judgment and default judgment. As a result of this hearing, the court granted Wright and SM an extension of time to file a brief in opposition to Mallet's motion for summary judgment and to file a response to Mallet's counterclaim.

{¶ 8} Wright did not file a conventional brief in opposition to the motion for summary judgment and motion for default judgment, but, within the time allotted, filed his own affidavit setting forth his narrative of the case and disputing Mallet's allegations.

{¶ 9} Mallet filed a motion to strike the affidavit, which Wright opposed. The trial court never ruled upon the motion to strike.

{¶ 10} The trial court granted Mallet's motion for summary judgment on Wright and SM's complaint. The court further granted Mallet's motion for default

judgment on the counterclaim and awarded damages against Wright and SM, jointly and severally, consisting of $10,024.72 in compensatory damages, $5,000 in punitive damages, and $3,000 in attorney fees.

{¶ 11} Wright then filed the instant appeal, raising six assignments of error for review.

## II. Law and Analysis

{¶ 12} Preliminarily, we note that Wright and SM had been initially represented by counsel, but early in the proceedings, their counsel was permitted to withdraw. It appears that Wright and SM remained unrepresented in the matter with Wright submitting filings on behalf of himself and SM. However, Wright is not an attorney, and while he may represent his own interests in court, he cannot represent the interests of SM, a corporate entity. *See Arnoff v. PAJ Ents., L.L.C.,* 2022-Ohio-1759, ¶ 22 (8th Dist.), citing *Mun. Realty Corp. v. Ergur*, 2014-Ohio-1557, ¶ 7 (6th Dist.). Accordingly, any filings submitted by Wright must be considered solely with regard to his interests and have no bearing on the interests of SM.

{¶ 13} Moreover, the notice of appeal was filed only by Wright. Because Wright cannot represent the interests of SM and SM did not file its own notice of appeal through counsel, SM is not a party to this appeal. The judgments relating to SM are therefore not subject to review, and we will consider the assignments of error solely as they relate to Wright.

{¶ 14} For ease of discussion, we will address the assignments of error out of order.

## A. Default Judgment

{¶ 15} In his sixth assignment of error, Wright argues that the trial court erred in granting default judgment on Mallet's counterclaim.

{¶ 16} In his motion for default judgment, Mallet asserted that Wright had been properly served and failed to respond to the counterclaim within 28 days of its filing. "A default judgment may be entered against a defendant who has failed to answer or otherwise defend against allegations raised in a complaint." *Berube v. Richardson*, 2017-Ohio-1367, ¶ 9 (8th Dist.), citing *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.,* 28 Ohio St.3d 118, 121 (1986); Civ.R. 55(A). Civ.R. 55 provides in pertinent part:

> (A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing . . . to the court . . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶ 17} "[A] default judgment is proper [under Civ.R. 55] when . . . a defendant has not contested the plaintiff's allegation by pleading or 'otherwise defend[ing]' such that no issues are present in the case." *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist. 1981). We review a trial court's decision to grant a motion for default

judgment under an abuse of discretion. *Chase Bank USA, N.A. v. Courey*, 2010-Ohio-246, ¶ 22 (8th Dist.).

{¶ 18} This court has previously noted:

> Pursuant to Civ.R. 8(D), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." However, this rule must be read in conjunction with the remaining sections of Civ.R. 8. *Peppertree Farms, L.L.C. v. Thonen*, 2020-Ohio-3042, ¶ 58 (5th Dist.). Civ.R. 8(B) provides that "[a] party shall state in short and plain terms the party's defense to each claim asserted and shall admit or deny the averments upon which the adverse party relies," and that the pleader has the option "to make the denials as specific denials" or "the pleader may generally deny all the averments except the designated averments . . . the pleader expressly admits . . . ." Additionally, Civ.R. 8(F) states that "[a]ll pleadings shall be so construed as to do substantial justice." As explained in the staff notes, "Rule 8(F) emphasizes the fact that pleadings shall be construed liberally in order that the substantive merits of the action may be served." Staff Notes to Civ.R. 8(F). As recognized by the Ohio Supreme Court, "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175 (1973).

*Montefiore Home v. Fields*, 2021-Ohio-3734, ¶ 8 (8th Dist.).

{¶ 19} "Generally, default judgments are disfavored and should be imposed only when the actions of the defaulting party create a presumption of willfulness or bad faith." *Forty-Fourth Props. L.L.C. v. Demyan*, 2012-Ohio-3085, ¶ 10 (8th Dist.), citing *Suki v. Blume*, 9 Ohio App.3d 289, 290 (8th Dist. 1983); *Haddad v. English*, 145 Ohio App.3d 598, 603 (9th Dist. 2001). "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *Goodwin v. Goodwin*, 2011-Ohio-3263, ¶ 9 (8th Dist.), quoting *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982). Without disregarding the Rules of Civil Procedure,

we acknowledge that litigants appearing pro se can be afforded some degree of latitude. "'[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities.'" *Millennia Hous. Mgt. Ltd. v. Johnson*, 2012-Ohio-1044, ¶ 10 (8th Dist.), quoting *Citibank (South Dakota), N.A. v. Paluch*, 2012-Ohio-334, ¶ 6 (9th Dist.), quoting *Sherlock v. Myers*, 2004-Ohio-5178, ¶ 3 (9th Dist.).

{¶ 20} In the instant case, Mallet's counterclaim alleged conduct by Wright that required a responsive pleading. The complaint specifically alleged that Mallet had paid Wright the full amount of the agreement and had to additionally pay over $8,000 to complete and remedy the services negligently performed by Wright. In his affidavit, Wright disputed Mallet's allegations and raised the issue that Mallet had reversed or "charged back" some of the payments made to him. While the affidavit did not take the conventional form of an answer, it was filed within the extension granted by the trial court, generally denied the allegations, and should have been liberally construed as an answer, particularly in a default situation.

{¶ 21} Accordingly, the trial court erred in granting the motion for default judgment against Wright. Wright's sixth assignment of error is sustained, and the default judgment against Wright is reversed.

## B. Motion for Summary Judgment

**{¶ 22}** In his first assignment of error, Wright argues that the trial court erred in granting Mallet's motion for summary judgment on the complaint for foreclosure on the mechanic's lien.

**{¶ 23}** This court reviews the grant of summary judgment de novo. *Snyder v. Ohio Dept. of Natural Resources*, 2014-Ohio-3942, ¶ 2. For de novo review, we independently "examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist. 1997).

**{¶ 24}** Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. This occurs when it appears from the evidence that reasonable minds can come to but one conclusion, viewing such evidence most strongly in favor of the party the nonmoving party, that the moving party is entitled to judgment. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶ 25}** The moving party has the burden to show that no genuine issues of material fact exists. *K.S. v. Pla-Mor Roller Rink*, 2016-Ohio-815, ¶ 9 (8th Dist.), citing *Redeye v. Belohlavek*, 2007-Ohio-85, ¶ 16 (8th Dist.), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). After the moving party has met his or her burden, the burden shifts to the nonmoving party to put forth evidence "on any issue for which that party bears the burden of production at trial." *Robinson*

*v. J.C. Penney Co.*, 1993 Ohio App. LEXIS 2633, 14 (8th Dist. May 20, 1993). If the nonmoving party "fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial," summary judgment in favor of the moving party is proper. *Brandon/Wiant Co. v. Teamor*, 125 Ohio App.3d 442, 446 (8th Dist. 1998).

{¶ 26} Mallet sought summary judgment on both claims of Wright's complaint. The first claim stated that Mallet owed Wright $7,927 plus interest for labor and materials furnished. The second count alleged that an affidavit for mechanic's lien had been filed and a notice to commence suit had been served on Wright by Mallet.

{¶ 27} "A mechanic's lien can be entered against an owner's interest in real property if the owner or the owner's agent fails to pay for work done to improve the property." *Silberhorn v. Flemco, L.L.C.*, 2020-Ohio-913, ¶ 14 (8th Dist.), citing *Cuspide Properties, Ltd. v. Earl Mechanical Servs.*, 2015-Ohio-5019, ¶ 27 (6th Dist.), citing R.C. 1311.02.

{¶ 28} Mallet argued in his motion for summary judgment that the evidence demonstrated that he had performed all of his obligations under the agreement, including paying Wright at least $12,024.72, and that Wright breached the agreement by failing to complete the services and/or negligently performing the services. In support of his motion for summary judgment, Mallet submitted his own affidavit outlining the dealings between himself and Wright, receipts reflecting

payments to Wright of $3,600.72, $2,160, and $6,264, text messages between the two, and the mechanic's lien.

{¶ 29} As noted above, Wright submitted his own affidavit within the extension of time granted by the trial court. While not a conventional brief in opposition, the affidavit should have been construed as a response to the motion for summary judgment. In the affidavit, Wright provided his own statement of the facts and circumstances of the case. He further presented a chart depicting his response to each line of Mallet's affidavit, whether it was undisputed or disputed. Of note, Wright testified that Mallet had "charged back" two of the payments made to Wright and presented an email referencing two disputed credit card charges in the amount of $2,160 and $3,600.72. These two amounts were the same as the amounts in two of the payment receipts presented by Mallet.

{¶ 30} On their face, Mallet's motion for summary judgment and accompanying affidavit and exhibits met his initial burden of demonstrating the absence of any genuine issues of material fact remaining regarding Wright's complaint for foreclosure of mechanic's lien. However, construing Wright's affidavit as an opposition to the motion, we believe that Wright has demonstrated the existence of a genuine issues of material fact regarding the work performed and payments that he claims were reversed by Mallet. While Mallet moved to strike the affidavit, the court never ruled on the motion and thus we presume that it was denied. *See Rosett v. Holmes*, 2023-Ohio-606, ¶ 11 (8th Dist.) (noting that a motion that is not ruled upon is deemed to be denied).

**{¶ 31}** Wright's first assignment of error is sustained, and the judgment granting summary judgment against Wright on Wright's complaint is reversed.

### C.  Remaining Assignments of Error

**{¶ 32}** The remainder of Wright's assignments of error are rendered moot.

**{¶ 33}** Judgment reversed in part, and this matter is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR